46583. THORNTON v. THE STATE.

QUILLIAN, Judge. This is an appeal from an order denying the defendant's motion to suppress evidence which was contended to be illegally seized. The grounds for the issuance of the search warrant in this case are contained in the affidavit which reads as follows: "Randy Howard, stated that he had observed the above place for several weeks and he has observed known drugs users and drug pushers, and other people that has been known to visit houses where drugs are used and sold, as of March 5, 1971 at 11:00 p.m. there were 15 automobiles at this house and one car was from Atlanta, Georgia, and that

the general information around with the G. S. C. students who that informs Deputy Sheriff Randy Howard, a man by the name of Hokey, lives at this address or hangs around this address from Macon, is a user and a pusher." *Held:*

It is well settled that rumors or information from unidentified persons cannot form the basis for the issuance of a search warrant. See *Johnson v. State,* 111 Ga. App. 298, 303 (141 SE2d 574). Thus, the latter portion of the affidavit concerning "general information around with G. S. C. students" would not sustain the warrant. It has been held that information received from an informant, who had proven to be reliable in the past, in conjunction with affiant's personal observation that known gamblers or other violators of the law sought to be enforced frequented the place to be searched would be sufficient to sustain a search warrant. See *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666); *Landers v. State,* 114 Ga. App. 687 (2) (152 SE2d 431); *Wood v. State,* 118 Ga. App. 477 (1) (164 SE2d 233). However, in *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473), this court held: "Standing alone, the sighting of known gamblers at the service station or the defendant's previous arrests on lottery charges are merely the assertion of police suspicion, and, of course, insufficient for the issuance of a search warrant. On the other hand this information does not void the affidavit." It is therefore apparent that the affiant's statement of what he observed in this case would not furnish grounds to sustain a search warrant. That being true, the trial judge erred in denying the motion to suppress.

*Judgment reversed. Jordan, P. J., and Evans, J., concur.*
ARGUED SEPTEMBER 15, 1971—DECIDED JANUARY 26, 1972.

*Crisp & Oxford, C. O. Oxford, Myers & Parks, John R. Parks, LeSueur & LeSueur, R. L. LeSueur, Smith & Hargrove, William E. Smith,* for appellant.