### 47311.   MAXWELL v. THE STATE.

Evans, Judge. The defendant was indicted for the violation of the Georgia Drug Control Act in that he did have in his possession and control marijuana. The marijuana was allegedly found under his control by reason of a search of defendant's apartment by an officer based upon a search warrant. It was alleged in the warrant that the affiant had been. contacted "within the past two weeks," by a previously reliable informant whose information on two prior occasions had led to the issuance and execution of search warrants, recovery of drugs and arrest of drug offenders. The informer advised affiant that, "he had heard a white male known to it [him?] as 'Randy' living at the above premises state he was going to sell a quantity of an unidentified substance for 'a lot' of money to a white female." The informer also stated that "at that time several people, both male and female, were [present] under the influence of drugs," which he knew to be true because he observed no alcoholic beverages present. Affiant swore he believed this statement because informant previously "admitted personal drug usage." Thereafter, affiant watched for two hour periods on more than five separate evenings; at different times he observed a white male answer a telephone on the porch, after which he observed traffic of persons coming and going for five minute visits; and informant knew from his previous experience "on at least three occasions" this conduct was consistent "with drug traffic patterns." On

one occasion, affiant observed a white female, known to him as a user and dealer in marijuana, LSD, and other drugs, visit this place for 5 or 10 minutes; the same female having been arrested for possession of "over five hundred dollars worth of drugs."

A motion to suppress the evidence was made. It was contended that the search warrant was insufficient in setting out facts upon which a magistrate could make a finding of probable cause; was illegally executed; and was based upon false, untrue, and conclusionary matter insufficient to support a finding of probable cause for the issuance of the warrant. The motion was heard and overruled. The defendant appeals. *Held:*

Citizens should not be subjected to having the premises where they live searched by police officers without probable cause. Every citizen is protected by our constitutional guaranties against such searches. See Marron v. United States, 275 U. S. 192, 195 (48 SC 74, 72 LE 231); *Garner v. State,* 124 Ga. App. 33, 36 (182 SE2d 902).

Examination of the warrant here discloses it is based upon hearsay of a "reliable informant." The hearsay does not disclose any information that any drugs were present. Based upon the informant's information of having heard Randy say he was going to sell something to a female for "a lot" of money, and there were several people present who seemed to be under the influence of drugs, and there were no alcoholic beverages present, the affiant began to watch said premises. The affiant states there were strange comings and goings—a telephone on the porch, short visits of five or ten minutes, and a certain female, whom he knew to have been arrested for $500 worth of drugs, visited and remained on the premises for five or ten minutes. Based on the above, he swears he has probable cause to believe "there is now a quantity of mariquana [marijuana], lysergic acid diethalymide, and other drugs," on the premises because of his expert knowledge of "drug traffic patterns." The above

alleged probable cause is totally devoid of any knowledge that any drugs of any kind are located on the premises. See in this connection *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447); *Windsor v. State,* 122 Ga. App. 767 (178 SE2d 751). As re-stated in Fowler, supra, the time within which proof of probable cause must be considered by the magistrate must be of facts closely related to the time of the issuance of the warrant so as to justify such finding *at that time.* Of course, the State contends the time of the last observance by the affiant meets the requirements of the law, but neither the information supplied by the informer nor the observance of the affiant meets the probable cause requirement. No time element whatever is shown as to when the drugs were present. There was no reliable information as to drugs being present; and the affiant's knowledge did not show any drugs to be present. The record here is not clear as to whether illegal drugs were found as a result of the search in this case; but even assuming such drugs were found, the deficiency in probable cause cannot be supplied by facts discovered in the search, "for the sufficiency of the affidavit must be determined as of the time the warrant issued." *Burns v. State,* 119 Ga. App. 678, 684 (168 SE2d 786); *Wood v. State,* 118 Ga. App. 477, 478 (164 SE2d 233); *Garner v. State,* 124 Ga. App. 33, 36, supra. The court erred in refusing to suppress the evidence.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*
ARGUED JULY 5, 1972—DECIDED SEPTEMBER 27, 1972.

*Walter M. Henritze, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, Charles T. Shean, III,* for appellee.