49837. OVERSTREET v. THE STATE.

MARSHALL, Judge.

Prior to his conviction for possession of less than one ounce of marijuana appellant moved to suppress from evidence the marijuana that was seized from his apartment pursuant to a search warrant. The affidavit supporting the warrant described the premises as "Apartment 2, Collegiate Apartments Located on The Macon Highway, Occupied by Danny Overstreet, Located in Athens, Clarke County, Georgia," and stated essentially: that within the past week, the affiant had been approached voluntarily on several occasions by a confidential source who admitted prior drug involvement

and who related the following to affiant; that he had seen marijuana in Fred Muckle's residence within the week which Fred Muckle said he bought from Danny Overstreet (appellant); that he had information that Fred Muckle and another person would drive to Commerce, Georgia, to procure some drugs on May 25, 1973. Affiant stated that the information concerning the trip to Commerce proved to be accurate by independent investigation; that later that day, May 25, 1973, affiant "surveilled" the sale of approximately one pound of marijuana by Fred Muckle to an undercover policeman, and that during the sale Fred Muckle stated he had bought the marijuana from "Danny."

Appellant contends that the warrant was insufficient in that (1) it did not describe the premises to be searched with the degree of particularity required by law (2) it did not show the reliability of the informant (3) it did not state the time of appellant's alleged drug activities, and (4) it did not show that marijuana might be found on the premises searched. Appellant also contends the evidence is insufficient to support the verdict. *Held:*

1. We do not believe the address given in the warrant lacks "particularity (such) as to enable a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty, without depending upon his discretion." *Jones v. State,* 126 Ga. App. 841, 842 (192 SE2d 171); *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902); *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262). While the evidence shows that there were several apartment buildings in the vicinity, there is no indication that the other apartments were numbered consecutively so that there might be another "Apartment 2." Nor is there any evidence of confusion on the part of the policeman in locating the correct apartment. See e.g. *Jones v. State,* 126 Ga. App. 841, supra, and *Garner v. State,* 124 Ga. App. 33, supra. Furthermore, prior to the search, a policeman checked with the owner of the apartment buildings and verified that Apartment 2 was rented to Danny Overstreet.

2. Whether or not the affidavit meets the tests of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21

LE2d 637) as to the reliability of the informants, and whether or not the information given is stale, none of the information related in the affidavit indicates that illegal drugs could be found in appellant's apartment. The first test of Aguilar, supra, is that "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics *were where he claimed they were...*" Aguilar v. Texas, 378 U. S. 108, 114, supra. (Emphasis supplied.) The marijuana seen by the affiant's informant in the first instance was at the residence of Fred Muckle, not the appellant. In the second instance, the fact that Fred Muckle bought marijuana from appellant, without more, does not show that marijuana could be found at appellant's apartment. There was no information that showed that appellant made the sale to Fred Muckle in his apartment, or kept marijuana there. The affidavit here "is totally devoid of any knowledge that any drugs of any kind are located on the premises." *Maxwell v. State,* 127 Ga. App. 168 (193 SE2d 14). It is not an unreasonable technicality to require that the magistrate support the issuance of a search warrant with information that has some connection with the premises to be searched. See e.g. *State v. Causey,* 132 Ga. App. 17 (207 SE2d 225); *Dugan v. State,* 130 Ga. App. 527, 530 (203 SE2d 722); *Davis v. State,* 129 Ga. App. 158, 159 (198 SE2d 913); *Cain v. State,* 128 Ga. App. 146, 147 (195 SE2d 797); *Maxwell v. State,* 127 Ga. App. 168, supra; *Miller v. State,* 126 Ga. App. 847 (191 SE2d 883); *Thornton v. State,* 125 Ga. App. 374 (187 SE2d 583); *Grebe v. State,* 125 Ga. App. 873, 874 (189 SE2d 698) and many others where the affidavits show that fruits of the crime might reasonably be found at the premises to be searched.

3. In view of our finding reversible error in Division 2, supra, we need not reach the question of whether the state's circumstantial evidence was sufficient to support the verdict.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED DECEMBER 5, 1974.

*Augustine & Sullivan, Edward E. Augustine,* for

appellant.
*Ken Stula, Solicitor, Frederick R. Tyler,* for appellee.