## 50912. McGUIRE v. THE STATE.

CLARK, Judge.

On May 2, 1969, defendant pleaded guilty to a charge of burglary and was placed on probation for a period of ten years. Thereafter, on January 31, 1975, marijuana and other drugs were seized from defendant's house trailer pursuant to a search warrant. In a single hearing the trial judge overruled defendant's motion to suppress the seized drugs and ordered that his probation be revoked. Defendant appeals from the order revoking his probation, contending that the trial court erred in refusing to suppress the evidence and that therefore the court's ruling is unsupported by legally admissible evidence. *Held:*

1. In determining that a probationer has violated the terms of his probation, it is not necessary that the evidence support the finding beyond a reasonable doubt or

even by a preponderance of the evidence. *Allen v. State,* 78 Ga. App. 526, 528 (51 SE2d 571). There must, however, be some evidence which would authorize the revocation. *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37).

The sole ground for the revocation of defendant's probation was his illegal possession of drugs. Aside from the drugs seized pursuant to the warrant, the state introduced no evidence tending to support a violation of appellant's probationary conditions. Had other such evidence been introduced, it would be unnecessary for this court to determine whether the warrant was issued upon a proper finding of probable cause. *Cooper v. State,* 118 Ga. App. 57, 58 (162 SE2d 753). Since, however, the evidence upon which the revocation was based consisted solely of the seized drugs, the revocation order must stand or fall on the basis of the legal sufficiency of the warrant.

2. Defendant's house trailer and adjacent vehicle were placed under surveillance for a period of one week prior to the issuance of the search warrant. Deputy Sheriffs Pollard and White recited their observations in the affidavit as follows: "[N]umerous individuals appeared at the house trailer in groups and after an individual traveled from the house trailer to the pick-up truck and obtained a package from the pick-up truck and returned to the house trailer were all seen to move together within the house trailer, stop for a short period of time and then by groups would depart. Known drug users have been observed visiting the premises above described for short periods of time and after trips between the pick-up truck and trailer by an occupant of the trailer these known drug users have shortly thereafter been seen departing."

The officers' observations raise at most a mere suspicion that drugs were being kept on defendant's premises. The sighting of known drug users entering and leaving appellant's trailer falls short of the caliber of information upon which probable cause for the issuance of a search warrant must be based. See *Thornton v. State,* 125 Ga. App. 374 (187 SE2d 583). The officers' observations are similar to the "drug traffic patterns" considered in *Maxwell v. State,* 127 Ga. App. 168, 170 (193 SE2d 14), where the affidavit was held to be "totally

devoid of any knowledge that any drugs of any kind are located on the premises." The facts presented to the magistrate here did not form a sufficient basis for a determination of probable cause.

The deputy deponents attempt to buttress their observations by stating in the affidavit that the surveillance was promoted by "numerous reports and eyewitness accounts of sales of marijuana, amphetamines, and other drugs by Wendell McGuire from the trailer described herein." This statement, however, provides no additional basis upon which the magistrate might properly make a probable cause determination. The "numerous reports and eyewitness accounts" are not attributed to specific informants. No assertion of the informers' reliability is made and no facts from which the magistrate might evaluate their reliability are presented. In addition, no reference is made as to time when the drugs were allegedly seen in defendant's residence. The hearsay was therefore stale and without evidentiary value in asserting present probable cause. See *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447); *Windsor v. State,* 122 Ga. App. 767 (178 SE2d 751); *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894).

Nor was the absence of facts demonstrating probable cause cured by the inclusion of the final sentence in the affidavit: "Reports have been given by individuals known to be drug users and known to give reliable reports of obtaining drugs in violation of the law from the premises." Even if we assume that the blanket statement concerning previous reports constitutes sufficient underlying facts of these informants' reliability, the omission of reference as to the time of the reports or of the drug purchases renders this information stale. This statement therefore provides no additional facts from which the magistrate might have concluded that drugs were presently on defendant's premises. See *Maxwell v. State,* 127 Ga. App. 168, supra, wherein the court held that stale information of this sort could not be utilized to raise the observation of "drug traffic patterns" to the level of probable cause.

3. We conclude that the facts recited in the affidavit did not establish probable cause to believe that drugs

were being maintained in defendant's trailer. Thus, the overruling of defendant's motion to suppress was error. As no other evidence tending to show a violation of probationary conditions was presented by the state, the court's order revoking defendant's probation must be reversed.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 2, 1975 — DECIDED OCTOBER 22, 1975.

*Glenn Zell,* for appellant.

*William Tinsley, III, Assistant District Attorney,* for appellee.