51364, 51365. FENNING v. THE STATE (two cases).

QUILLIAN, Judge.
A police officer requested a justice of the peace to issue a search warrant for the residence of defendant where he alleged that marijuana was then being concealed. The supporting affidavit stated that an "[i]nformant has seen and talked with people coming to the residence about buying drugs from them. Informant has also bought suspected marijuana from them on or about December 31, 1974, and turned it over to the Woodstock Police Department. I (Police Officer Towns) have stopped vehicles that have just left this residence and found a strong odor of marijuana in the car." The police officer also provided additional information, under oath, to the justice of the peace. The police had placed

defendant's home under surveillance for approximately two weeks, and when the informant telephoned that he "had seen a lot of traffic at the house" the police immediately requested the search warrant. Marijuana, a sawed-off shotgun, and a "jar of white liquor" were found. Defendant was charged in two separate indictments, our Nos. 51364 and 51365. His motions to suppress in both cases were denied. Certificates of immediate review were issued. *Held:*

One enumeration of error alleges that "the justice of the peace was not informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed them to be." Although this enumeration does not specifically allege insufficiency of probable cause, by necessary inference it questions sufficiency of probable cause when it attacks the basis of the issuance of the warrant and we will treat it as raising that issue.

An examination of the evidence presented to the justice of the peace reveals that the informant, a former police officer, saw "a lot of traffic" at defendant's home and concluded "that something possible was going on." The informant talked with "subjects that had come from the house" and purchased "a suspected marijuana" cigarette from one of them. The cigarette was never tested to determine its contents. The affiant police officer did not know "how [the informant] came into contact with these people."

The police placed defendant's home under surveillance "whenever [they] could find the traffic at the house." They stopped one vehicle "that was leaving the house that was weaving some." The driver was given an alkalizer test and "he had no alcohol" but there was the odor of marijuana about him. When the police officer received another telephone call from the informant he asked for the warrant.

Where an informant's information is relied upon to establish probable cause for the issuance of a search warrant, the general test to be applied to determine sufficiency is: (1) that the affidavit gives reasons from which affiant concludes the informant is credible or his information reliable, and (2) the underlying cir-

cumstances from which the informant concludes that the contraband is where he claims it is. Aguilar v. Texas, 378 U. S. 108 (1964); *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894).

Generally, probable cause exists where the facts and circumstances would warrant a man of reasonable caution in the belief that a criminal offense has been or is being committed. Grau v. United States, 287 U. S. 124 (1932); Berger v. New York, 388 U. S. 41 (1967). Evidence of travel by several persons to and from defendant's residence is "innocent-seeming activity and data." Spinelli v. United States, 393 U. S. 410, 414 (1969). This court held in *Thornton v. State,* 125 Ga. App. 274 (187 SE2d 583), that observing known drug users and as many as 15 automobiles at defendant's home was insufficient evidence of probable cause. Accord, *Maxwell v. State,* 127 Ga. App. 168, 169 (193 SE2d 14). The informant's statement that "something possible was going on" is nothing more than a mere conclusion and not entitled to weight. *Wood v. State,* 126 Ga. App. 423 (190 SE2d 828). Neither is the fact that the informant purchased "suspected marijuana" from a person "coming from" defendant's residence sufficient to establish probable cause. *Overstreet v. State,* 133 Ga. App. 497 (211 SE2d 436). The totality of the facts presented to the justice of the peace fails to establish the probability that any illegal activity took place at defendant's residence. A warrant must stand on firmer ground than mere suspicion. Wong Sun v. United States, 371 U. S. 471 (1963). We find a lack of probable cause for the issuance of the warrant. The judge should have sustained the motion of the defendant and suppressed the evidence seized.

*Judgments reversed. Pannell, P. J., and Clark, J., concur.*

Submitted October 9, 1975 — Decided November 14, 1975.

*Wall & Fuller, Charles B. Rice,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.