## 51490. PAGE v. THE STATE.

STOLZ, Judge.

Appellant, who was charged with the offense of possessing beer for resale without a valid license, appeals the denial of his motion to suppress evidence seized during a search of his store. *Held:*

It is incumbent upon a magistrate to make an independent determination of probable cause before he issues a search warrant. In *Reid v. State,* 129 Ga. App. 660 (200 SE2d 456), we held that an affidavit, sufficient both as to form and content, could not support a search warrant where the issuing magistrate testified that he had not made any decision from reading the sheriff's affidavit but had signed the warrant after ascertaining that the sheriff was sworn and his affidavit was signed. In the case before us, the issuing justice of the peace stated in an affidavit that "[i]n cases . . . involving State Revenue Officers, it is my procedure to check the technical correctness of the warrant, read the warrant thoroughly, however, in cases . . . such as these . . . I leave the determination of probable cause to the determination of the agent involved." (T. 52) This particular magistrate testified that he was concerned mainly that the affidavit and warrant were technically correct, i.e., not stale (T. 19), but when dealing with affidavits by experienced revenue agents, he did not "go into the nitty gritty of them." (T. 20) Although the magistrate's testimony is, at times, unclear, the thrust of his statements, taken as a whole, is that his concern was that the affidavits and warrants were facially correct; he made no independent evaluation of the information contained therein.

Probable cause to support a warrant must be determined by a neutral magistrate before the warrant is issued, not by a reviewing court's retrospective evaluation of the evidence. The testimony given by the issuing justice of the peace demonstrates that no such

determination was made. This is no mere technical irregularity but rather a fatal defect in the warrant thus issued. *Reid v. State,* supra, and cits. Hence, it was error to deny the defendant's motion to suppress the evidence.

The remaining enumerations of error are without merit.

*Judgment reversed. Deen, P. J., concurs. Evans, J., concurs specially.*

ARGUED OCTOBER 30, 1975 — DECIDED DECEMBER 1, 1975.

*Elliott R. Baker,* for appellant.
*Richard S. Gault, Solicitor,* for appellee.

EVANS, Judge, concurring specially.

This case involves the violation of a search warrant obtained by a state revenue officer desiring to search the premises known as "Page and Sons Grocery." The affidavit states that the agent received information from "a concerned citizen" that within the past eight days this person observed the sale of liquor and beer at Page and Sons Grocery on Highway 20. The agent then swore, "I have known this citizen in excess of one year and have found this person to be truthful. This person is a mature adult, gainfully employed, and has no known criminal record and is a respected person in the community." (R. 4). The affidavit and search warrant show they were executed in Cherokee County, Georgia. The locality of Page and Sons Grocery was shown as follows: "Beginning at the intersection of Hwy. 5 and Hwy. 20, travel 1.3 miles west on Hwy. 20, turn left on Butterworth Road. Said Store will be located at the intersection of Butterworth Road and Hwy. 20 on right side of Butterworth Road. Said store will be block building with a long sign on top front of store with Page and Son Grocery on it."

1. I concur in the judgment of reversal, but not in the basis for this finding by the majority, that is: that in *Reid v. State,* 129 Ga. App. 660 (200 SE2d 456) this court held an affidavit sufficient both as to form and content "could not support a search warrant where the issuing magistrate testified that he had not made any decision

from reading the sheriff's affidavit but had signed the warrant after ascertaining that the sheriff was sworn and his affidavit was signed."

In that case, Judge Eberhardt stated: "This testimony by the magistrate demonstrates beyond any peradventure that there was a failure on his part to make a judicial determination of the existence of probable cause, which is a sine qua non to the issuance of the warrant. *Johnson v. State,* 111 Ga. App. 298 (141 SE2d 574); *Burns v. State,* 119 Ga. App. 678 (168 SE2d 786); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723)."

This statement by Judge Eberhardt is obiter dicta in that there was no necessity for such a ruling in that case because the evidence sought to be suppressed, "was never tendered in evidence"; hence, the denial of the motion to suppress was not error, or, if so, was harmless error. He therefore made no such ruling and that is why this language in that case was obiter dicta. Examination of the three cites given by Judge Eberhardt therein for this statement failed to disclose such a ruling, same being *Johnson v. State,* 111 Ga. App. 298, supra; *Burns v. State,* 119 Ga. App. 678, supra; and Aguilar v. Texas, 378 U. S. 108, supra.

I do agree that perhaps testimony of a magistrate that he made no determination of probable cause in reading the warrant; or in taking the sworn testimony of the affiant; that he made no independent examination of the information contained therein; that this would be sufficient to void the search warrant even though it be perfect in form and content. Yet I would prefer to examine the warrant here and reverse this case on another ground.

2. In this case the warrant is sufficient as to content as to the informant, a private citizen, known to the officer to be truthful, a mature adult, gainfully employed, who has no criminal record and is a respected person in the community. But it utterly fails in that it contains no sufficient information as to the locality of the property to be searched. This court can take judicial notice that *Georgia Highway 5* and *Georgia Highway 20* intersect in the City of Canton, Georgia, in Cherokee County (see the official Georgia Department of Transportation Highway

map), but the affidavit does not designate the beginning point for the location of the property as being at the intersection of *Georgia Highway 5 and Georgia Highway 20.* The affidavit utterly fails to describe the location of the property to be searched, since it does not state *that the Butterworth Road at the intersection of Highway 20 is in Cherokee County, 1.3 miles west of the intersection of Georgia Highway 5 and Georgia Highway 20 in the City of Canton, Cherokee County, Georgia.* All of this would be necessary to properly describe the location of the Page and Sons Grocery; that is, if it is there located in Cherokee County. Since the affidavit is insufficient as to the location of the property to be searched, I therefore concur in the judgment only.