## 65052. GADONNA v. THE STATE.

Deen, Presiding Judge.

1. The defendant was convicted on 11 counts either of receiving stolen goods or of criminal use of an article with altered identification marks, all relating to the defendant's possession and attempts to sell heavy machinery, including backhoes, trailers, and an excavator, located on his premises. His motion to suppress evidence obtained under a search warrant was denied. The motion is based upon the contention that the affiant did not show the reliability of the "concerned citizens" who were his informants and that the affidavit supporting the warrant contained nothing but conclusions in this regard. The affidavit states facts sufficient to convince the magistrate, who found probable cause existed, including statements that a backhoe on the premises had been examined with the consent of the GaDonnas and found to have been the one stolen from Lee Engineering Company two weeks earlier; that identification plates had been removed; that there were cited discrepancies in GaDonna's story; that GaDonna had previously been a motor vehicle inspector and would know where to locate and how to remove the VIN numbers, etc. As to the specific complaint, although the persons making the report that the defendant was trying to sell a backhoe (itself a peripheral fact in this investigation) were not named, they are described as being known to the affiant and being reliable, successful and respected business men in the community. Further evidence was presented orally. That these things can be considered by the affiant in gauging the reliability of the informant, see *Davis v. State,* 129 Ga. App. 158, 160 (198 SE2d 913) (1973). The first entry of police officers on the premises was to inspect a backhoe, which took place with the express permission of the defendant. The backhoe proved to have had its identification numbers removed, and it was confiscated at that time. The other pieces of heavy equipment were observed on the premises by the officers but not then examined. The officer had

received information that a backhoe conforming to the description of the one confiscated had been recently stolen. These and other facts in evidence amply authorized the issuance of the warrant.

2. The two U-Haul tractors removed from the defendant's premises were identified by concealed "confidential" serial numbers located on their bodies, and lease contracts regarding these vehicles were offered in evidence, together with testimony that the equipment had been stolen. The papers were objected to on the ground that they had not been identified as required by Code § 38-711. There was testimony by a witness from the owner that these records were kept in the course of its business; individual entries were made, according to the subject matter, either by the company or the lessee, and were used by the manufacturer in keeping track of its individual equipment, which was never sold to third parties. This is sufficient to establish that the leasing record was made in the regular course of the U-Haul business and that it was the regular course of that business to have these facts recorded on the equipment sheet. Lack of personal knowledge as to who made the individual entries does not affect admissibility. *Ferguson v. Atlanta Newspapers,* 93 Ga. App. 622 (4) (92 SE2d 321) (1956).

3. The trial court has a wide discretion, in enforcing Code § 38-1703, to allow witnesses to remain in the courtroom despite the rule of sequestration where conducive to an orderly and thorough presentation of evidence. This extends so far as to allow two witnesses to remain although it is contended that one would be sufficient. *Brown v. State,* 247 Ga. 298 (4) (275 SE2d 52) (1981). See also *Blanchard v. State,* 247 Ga. 415 (1) (276 SE2d 593) (1981). Two GBI agents were here listed as co-prosecutors and were both allowed to remain in the courtroom and to testify. In view of all the circumstances of this case we find no reversible error.

4. A charge of criminal use of an article with an altered identification mark includes knowledge that the mark was removed to conceal the identity of the article. Code § 26-1506 (a); *Blair v. State,* 144 Ga. App. 118 (240 SE2d 319) (1977). Such knowledge may, however, be proved by circumstantial evidence. *Abrams v. State,* 144 Ga. App. 874 (242 SE2d 756) (1978). The evidence was ample in the present instance to establish this element of the offense beyond a reasonable doubt as to the five of the six vehicles found on the defendant's property. (The 11 counts included six counts of possession of stolen property and five of knowing possession after removal of the VIN numbers, from the equipment.) The search under warrant of the house and shop yielded the information that several of the vehicles were Case products, painted yellow. Yellow and black spray paints were found on the premises, along with sets of letter and

number dyes, a yellow Case serial plate, stencil plates, and metal which could have been used for the purpose of fashioning forged serial numbers. Areas on the equipment where VIN numbers should have been contained rivet holes and other indications that the numbers had been removed, along with testimony that these vehicles had been recently stolen from identified locations. This and other evidence was sufficient to support the verdict, and the motion for a directed verdict of acquittal was without merit. *Green v. State,* 154 Ga. App. 245 (1) (267 SE2d 855) (1980).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED DECEMBER 1, 1982.

*Thomas M. Strickland,* for appellant.
*Lindsay Tise, Jr., District Attorney,* for appellee.