## 66395. THE STATE v. PORTER.

QUILLIAN, Presiding Judge.

The state appeals the grant of defendant's motion to suppress evidence in a trial for violation of the Controlled Substances Act. *Held:*

We affirm.

The probable cause for obtaining the search warrant by which the controlled substances alleged were seized from defendant's dwelling was the affiant officer's statement that he had observed for five consecutive afternoons and evenings that numerous vehicles visited the dwelling for short periods of time in which a person came out of the dwelling, passed a package through the window of each vehicle and received what appeared to be money in return. Based on his and another officer's 10 years experience as law enforcement officers, the affiant was of the opinion that the activity observed was drug related.

The "alleged probable cause is totally devoid of any knowledge that any drugs of any kind are located on the premises." *Maxwell v. State,* 127 Ga. App. 168, 170 (193 SE2d 14).

"The officers' observations raise at most a mere suspicion that drugs were being kept on defendant's premises." *McGuire v. State,* 136 Ga. App. 271(2), 272 (220 SE2d 769).

In *Maxwell* and *McGuire* we held dwelling searches invalid for the reasons stated because the probable cause for the searches rested on the opinion of law enforcement officers that the activity observed fit "drug traffic patterns." These cases were even stronger than the instant case for the state in that there was also evidence of drug users frequenting the premises. See also *Thornton v. State,* 125 Ga. App. 374 (187 SE2d 583); *Fenning v. State,* 136 Ga. App. 569 (222 SE2d 122). In the instant case there was no knowledge of who lived on the premises or who the visitors were, nor any information whatsoever that there were any controlled substances on the premises.

Relying on several federal circuit courts of appeal cases, the state invites us to ignore or reverse the above cases, and validate the use of drug traffic patterns as sufficient probable cause for searches. We decline the invitation as the federal cases are inapposite. Although they rested in part on drug traffic patterns, the searches were of motor vehicles or persons taken from motor vehicles and also included evidence of either association with known drug dealers, information that an occupant of a vehicle was carrying a named drug, or an arrest and subsequent search of a person which occurred as the result of a Terry type stop.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 5, 1983.

*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellant.
*Kit B. Bradshaw,* for appellee.