## 68371. THE STATE v. FULTZ et al.

BIRDSONG, Judge.

Daryl Forkner Fultz and his wife Karen Ann were indicted for violations of the Controlled Substances Act. They moved for suppression of the fruits of a search of their home arising out of an alleged defective warrant. The trial court granted the motion to suppress and the State brings its appeal to the grant of that motion. *Held*:

The affidavit in support of the warrant reads as follows: "On March 2, 1982 [sic] Army CID Agents along with Agents arrested Beth Smith for sale of marijuana. Agents gave Smith the money for the marijuana and followed her to the above address. Agents observed Smith at the above residence. Smith returned to a package store on Gordon Hwy. and gave CID Agent Brian Prezeslawski a quantity of marijuana. Mrs. Smith was arrested at the package store on Gordon Hwy. At the time of arrest Smith told Agent Tarvin she had gotten the marijuana at the location of Clinton Rd. For the above reason, affiant has probable cause to believe that at the above described premises there is now contained marijuana in violation of Ga. crimi-

nal laws."

Considering the affidavit together with the evidence presented to the trial court at the suppression hearing, we are constrained to conclude that what was communicated to the issuing magistrate by the affidavit was the following. A criminal investigation agent of the Army was present as an undercover agent in an establishment selling liquor. The agent made contact with Mrs. Smith and determined that she knew a source for the purchase of marijuana. The Army agent gave Mrs. Smith $150 to make such a buy. Mrs. Smith left the liquor store to make the purchase. It appears she left alone and drove alone to the location of the source. Unknown to Mrs. Smith, the approach by the Army criminal investigator, the agreement to buy and the passage of the purchase money were all witnessed by agents of the GBI. These GBI agents followed Mrs. Smith to the home of the source (subsequently shown to be the residence of the appellants Mr. and Mrs. Fultz). Smith was observed going into the house, remaining a short while and then returning to her car. Smith immediately returned to the liquor store where she relinquished to the Army agent a quantity of marijuana. The GBI agents witnessed this transfer. Mrs. Smith was then and there arrested. She stated to the GBI at the time she was arrested she had just purchased the marijuana from a person named Daryl (whom she described) at the house the agents had seen her enter and exit. The appellant-husband's name is Daryl Fultz. Based upon this information, the GBI agent formulated an affidavit of probable cause for submission to a magistrate in support of a search warrant to search and seize marijuana contained at the Fultz residence.

The trial court closely examined the affidavit and found it deficient in several respects. These were shown as omissions. For instance, the trial court concluded there was no showing of freshness inasmuch as Mrs. Smith did not state the specific time she purchased the marijuana delivered to the Army agent. The trial court noted that this was not a "controlled buy" and therefore was unable to determine whether Mrs. Smith had the marijuana on her person or in her car prior to making a purchase. The affidavit did not state any reliability in that Mrs. Smith was not shown to have given reliable information in the past. Lastly, the affidavit did not reflect that there may have been contraband still at the location to be searched. For all these reasons, the trial court concluded that the four corners of the affidavit did not establish probable cause. Therefore, the trial court concluded the magistrate erred in issuing its search warrant and ordered its suppression.

We observe in Illinois v. Gates, ___ U. S. ___ (103 SC 2317, 76 LE2d 527), the Supreme Court noted that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of a de novo review. A magistrate's determination of probable cause

should be paid great deference by reviewing courts. At first blush, it would appear that the "any evidence" rule should apply therefore to the review of the trial court's determinations of fact as to the sufficiency of the affidavit. However, the court also observed that a grudging or negative attitude by reviewing courts towards warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant and that courts should not invalidate warrants by interpreting affidavits in a hypertechnical rather than a common sense manner. Thus it would appear that the after-the-fact scrutiny referred to in the Gates case is concerned with the initial review by the trial court of the magistrate's discretionary action.

Our analysis of Gates, supra, is fortified by what was said in Massachusetts v. Upton, ___ U. S. ___ (104 SC 2085, 80 LE2d 721) where the Supreme Court found error by the Supreme Judicial Court of Massachusetts in failing to grant any deference to the decision of the magistrate to issue a warrant. Thus, we conclude that both in Gates and Upton, it was held that reviewing courts, whether it be the initial review at the trial level or the ultimate review at the appellate level, should apply a deferential standard of review in order to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.

In carrying out our mandated review of the magistrate's action when determining whether an affidavit is sufficient to establish probable cause, we will examine his action against the test established by the Supreme Court of the United States in the Gates case. Thus, technical determinations of whether there is a clear, irrefutable showing of freshness; of the informant's reliability; the presence or absence of a controlled buy; or positive statements that contraband is known to be present at the premises to be searched, must give way to a simpler consideration. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'varacity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to insure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Gates, 103 SC at 2332.

Under the facts presented to the magistrate, it strains credulity to believe that Mrs. Smith did not go directly to the Fultz home, purchase marijuana and bring it directly back to the Army agent. This reasonably established freshness. Though there is no indication as to her prior use as an informant, her reliability was established by the eyewitness account of her trip to and return from the buy. Al-

though the affidavit does not conclusively state that marijuana remained at the house, a common sense deduction arises from the fact that Mrs. Smith said she knew where she could buy marijuana; she went to that place and purchased marijuana; and probably could go back and make other purchases as necessary.

This case is quite similar to the factual situation shown in *Roth v. State*, 164 Ga. App. 347 (297 SE2d 107). As in that case (based on similar facts), we conclude the affidavit in this case when subjected to a practical common-sense test clearly established probable cause to believe that marijuana was then present in the Fultz home. Accordingly, the trial court erred in granting the motion to suppress.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 31, 1984 —

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellant.
*Richard E. Allen*, for appellees.