## 73218. ALEWINE v. THE STATE.
(350 SE2d 46)

BIRDSONG, Presiding Judge.

Motion to Suppress — Search Warrant. Larry P. Alewine was convicted at a bench trial of possession of more than an ounce of marijuana, a quantity of methaqualone, and a quantity of phencyclidene.

He was sentenced to serve ten years on the marijuana charge and fifteen years concurrently on the other two drug possessions with ten to serve followed by five years on probation. Alewine brings this appeal raising as his sole enumeration of error the denial of his motion to suppress the evidence of a search and seizure from his automobile because of an allegedly deficient search warrant.

The facts relevant to this enumeration show that on December 23, 1980, the Sheriff's Department of Fayette County received a telephone call from a citizen of the county. The officer receiving the telephone call knew the informer personally and had known the caller for at least two years. The evidence reflects that both the officer (and affiant in the affidavit given in support of the subsequently issued search warrant) as well as the justice of the peace who issued the warrant knew the informer to be a business person who was a long-term resident of the county and was known to be truthful, with no criminal record and no known reason to harm the appellant Alewine. The JP testified that he had known the informer for at least fifteen years.

The substance of the informer's report was that Alewine had made a trip from Ohio to an unidentified location in the southeast to obtain a quantity of drugs. The informer during the same day as the telephone call to the police overheard a telephone call between Alewine and another person in which Alewine related he had the drugs and was on the way back (ostensibly to Ohio). The informer stated that Alewine had a quantity of marijuana in a distinctly colored and marked pickup truck bearing an Ohio truck tag of a certain number. It was reported that Alewine and another white male would be driving through Fayetteville during the day in that vehicle heading toward Ohio. Pending the issuance of a search warrant, the officers drove to the location in Fayetteville where the truck was reported as being parked. The pickup truck as described was found and placed under surveillance before the affidavit in support of the search warrant was prepared. Upon verifying the existence and identity of the pickup truck, the police officer prepared an affidavit and the JP appeared at the police station to consider the issuance of a search warrant. The affiant was placed under oath and not only presented the affidavit to the magistrate but offered supplemental information in support of the warrant. Thereafter, the warrant was issued and executed resulting in the location of the drugs in Alewine's pickup and his arrest for a violation of the Controlled Substances Act.

The affidavit to which objection was made provided: "Between December 20, 1980 and December 23, 1980, Lt. Tommy Nations of the Fayette County Sheriff's Dept., received a telephone call at the Sheriff's office from a concerned citizen. Said concerned citizen has been known by Lt. Nations for about two years. Said concerned [sic] is a mature, respected citizen and business person in the community.

Said concerned citizen has a reputation for being truthful and has no known association with known criminals nor does said concerned citizen have any known criminal record. Said concerned citizen is absent of any motivation to falsify information against Larry Alewine and white male FNU LNU. Said concerned citizen said that Alewine and unknown white male FNU LNU had a quantity of marijuana in a late model Toyota pick up truck bearing an Ohio License Plate N7Z50. Said truck is white in color with grey stripes running down the door and then down the side of said truck. Said truck has four large tires mounted on white spoke rims. Said truck will be traveling through Fayette County, Ga., sometime during the evening hours of Tuesday, December 23, 1980."

Alewine candidly concedes that the trustworthiness of the informer is established adequately in the affidavit. Such a concession is not only proper but legally demanded. See *Devier v. State*, 247 Ga. 635, 638 (5) (277 SE2d 729). Because this trial occurred in 1981, the two-pronged test of *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) was applicable. Thus though Alewine concedes the trustworthiness of the informer, he contends that in all other respects the affidavit is insufficient. He argues that the pickup truck was not adequately described as to color or VIN, safety inspection number, etc. The occupants of the truck were not described as to size or clothing worn. He contends the affidavit does not specify when the informer obtained the information, and thus presumptively was stale. Nor does the affidavit specify how the informer obtained the information so as to reflect the report was more than a mere rumor circulating in the criminal community. The affiant is claimed not to have reported in sufficient detail why the informer was considered reliable. Alewine also contends that the informer's tip did not give sufficient detail of the criminal activity to manifest the probability of a crime in progress. In short, in protection of the constitutional protection from searches and seizure of personal property, Alewine would require a complete disclosure of all information which becomes manifest by the time of the arrest and seizure.

The law is not so precise nor demanding. An affidavit must show the reliability of the informer. It must show how the informer obtained the information, whether it was based upon second-hand information or upon the informer's personal knowledge or observation; when the informer obtained the information; and the tip must be sufficiently detailed in describing the criminal activity so that the issuing magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation. *Bell v. State*, 128 Ga. App. 426, 427 (196 SE2d 894); *Aguilar v. Texas*, supra; *Spinelli v. United States*, supra.

In this case, the informer personally overheard Alewine state he was possessed of a quantity of marijuana; the informer stated the marijuana was contained in a specifically described Toyota pickup truck bearing a specified Ohio registration or tag, that two men would be in that truck later during the day of December 23 driving through Fayetteville returning the marijuana to Ohio; that Alewine had conducted this telephone conversation in the informer's presence during the same day as the tip from the informer; and, further prior to the preparation of the affidavit the affiant had proceeded to the place where, consistent with the tip, the pickup truck was seen in the place stated by the informer and the affiant confirmed the truck had the identical markings and tag number; further consistent with the tip, the affiant observed (but after the search warrant had been obtained) two white males (including Alewine) enter the truck and drive the truck as if leaving Fayetteville as reported by the informer. We conclude without any reservation that such evidence known to the issuing magistrate and confirmed in corroborative detail by the affiant, is compellingly sufficient to meet constitutional standards. The trial court did not err in overruling the motion to suppress evidence found as a result of the search. See *Reed v. State*, 150 Ga. App. 312 (1) (257 SE2d 380) (reversed on other grounds); *Davis v. State*, 129 Ga. App. 158, 160 (198 SE2d 913).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 27, 1986.

*Joseph M. Todd*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys*, for appellee.