75322. THE STATE v. BROWN et al.
(366 SE2d 816)

BENHAM, Judge.
Following the execution of a warrant to search their home, appel-

lees were arrested and indicted for alleged violations of the Georgia Controlled Substances Act and the Georgia Dangerous Drug Act. The trial court granted appellees' motion to suppress the evidence seized during the search of their home, and the State appeals from that ruling. See OCGA § 5-7-1 (4).

The trial court ordered suppression of the evidence after concluding that the affidavit executed in support of the application of the warrant did not set forth sufficient facts to establish probable cause to believe that marijuana and cocaine were being kept at the Brown residence. In the affidavit the trial court found deficient, the affiant officer averred that he and another member of the Narcotics Squad of the Augusta Police Department "received information from a concerned citizen that a large quantity of Marihuana and some Cocaine is being kept in [the Browns'] dwelling. During the past two days these officers have had this dwelling under observation during the day and night, mostly at night, and have observed numerous black males and females go to this dwelling staying only two to three minutes. The officers also have observed Carmella Brown meet some of these individuals at the front door and give them small manila [envelopes] suspected of containing marihuana, for unknown amount of cash which has been seen exchanged. Some of these individuals have been identified by the officers as being known drug users and abusers. Officers have also seen some individuals leaving this dwelling enter their vehicles and open what appeared [to be] a manila envelope which was in their hand upon leaving the dwelling and after a few minutes light what is suspected of being a handrolled marihuana cigarette and then depart the area."

1. The magistrate had as his task "to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U. S. 213, 238 (103 SC 2317, 76 LE2d 527) (1984); *State v. Stephens,* 252 Ga. 181, 182 (311 SE2d 823) (1984). We begin our review of the issues presented by this case with the acknowledgment that we "should apply a deferential standard of review [of the magistrate's determination of probable cause] in order to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *State v. Fultz,* 171 Ga. App. 886, 888 (321 SE2d 381) (1984). However, the fact that a warrant was issued and the search conducted pursuant thereto does not cause us to terminate our review. We must determine, among other things, whether the hearsay information supplied to the affiant, coupled with the affiant's personal observations, presented a fair probability that contraband would be found at the Brown residence.

2. As was earlier stated, the magistrate must consider the veracity and basis of knowledge of persons supplying hearsay information to an affiant officer. The affidavit in the case at bar contained no information about the basis of the informant's knowledge or reasons why the informant should be believed. In effect, the investigation which culminated in the arrest of appellees had as its inception information received by the affiant officer over the telephone from an anonymous tipster described by the affiant as a "concerned citizen." "This court has always given the concerned citizen informer a preferred status insofar as testing the credibility of his information. [Cits.]" *Whitten v. State*, 174 Ga. App. 867, 868 (331 SE2d 912) (1985). However, before an anonymous tipster can be elevated to the status of "concerned citizen," thereby gaining entitlement to the preferred status regarding credibility concomitant with that title, there must be placed before the magistrate facts from which it can be concluded that the anonymous tipster is, in fact, a "concerned citizen." See *Cichetti v. State*, 181 Ga. App. 272 (1) (351 SE2d 707) (1986) (affiant personally knew the informant to be truthful, gainfully employed, and without a criminal record); *Alewine v. State*, 180 Ga. App. 679 (350 SE2d 46) (1986) (affiant as well as the issuing justice of the peace knew the informant, who was a long-time area resident, a truthful businessman, and without a criminal record); *Futch v. State*, 178 Ga. App. 115 (1) (342 SE2d 493) (1986) (informant described as mature, regularly employed person who displayed a truthful demeanor, had a personal connection to the suspect, and made a personal appearance before the magistrate); *Whitten v. State*, supra (informant known to the affiant for more than three years and described as a mature, regularly-employed family man with no criminal record); *State v. Hockman*, 171 Ga. App. 504 (320 SE2d 241) (1984) (informant known to the affiant for more than four years and described as a mature, gainfully-employed person with no criminal record who had previously given information which led to the arrest and conviction of three drug felons); *Keller v. State*, 169 Ga. App. 596 (314 SE2d 255) (1984) (informant known to the affiant for six months and described as a mature, regularly-employed, church-going family man); *GaDonna v. State*, 164 Ga. App. 582 (1) (298 SE2d 556) (1982) (informants known to the affiant and described as reliable, successful, respected businessmen of the community); and *Page v. State*, 136 Ga. App. 807 (222 SE2d 661) (1975) (informant known to the affiant for over a year and described as a mature, truthful, gainfully-employed, respected person in the community with no known criminal record). An informant's veracity, reliability, and basis of knowledge are "highly relevant in determining the value of his report" and while these elements are not "entirely separate and independent elements to be rigidly exacted in every case," they are "closely intertwined issues that may usefully illuminate the common-

sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, supra at 230. The affidavit in the case at bar contained no information from which it could be gleaned that the tipster was, in fact, a "concerned citizen." The magistrate was given nothing other than the affiant's conclusory statement that the tipster was a concerned citizen. That will not suffice. See *State v. Jackson*, 166 Ga. App. 671 (2) (305 SE2d 417) (1983). Therefore, the informant was not entitled to a preferred status insofar as testing the credibility of his information. The complete lack of information about the informant and the basis of his knowledge relegated the information he supplied to the status of rumor. In point of fact, the affiant officer testified at the suppression hearing that the informant gave no facts from which the officer could conclude that contraband might be found in the Brown home, and the officer admitted the information amounted to "just a suspicion" on the part of the informant.

3. The trial court also concluded that the affiant's statements concerning the independent investigation conducted by him "were conclusory statements at best" that did not set forth sufficient facts to establish probable cause to believe that marijuana and cocaine were present at appellees' home.

The affiant officer and his partner observed "numerous" people, some of whom were described as known drug users and abusers, visiting appellee's residence for short periods of time during which appellee Carmella Brown gave them small manila envelopes in exchange for cash. Some of the visitors, upon re-entering their vehicles, appeared to open the manila envelopes and, several minutes later, light a cigarette and leave. The observation of activity that fits a "drug traffic pattern" raises *at most* a mere suspicion that contraband is being kept on the premises, and does not amount to probable cause to search the home. *State v. Porter*, 167 Ga. App. 293 (306 SE2d 377) (1983); *McGuire v. State*, 136 Ga. App. 271 (2) (220 SE2d 769) (1975); *Maxwell v. State*, 127 Ga. App. 168, 170 (193 SE2d 14) (1972). Compare *Borders v. State*, 173 Ga. App. 110 (1) (325 SE2d 626) (1984) (where the affidavit contained "specific drug-related information concerning those who lived on the premises.") At the hearing, the affiant officer admitted he did not know the names of the "known drug abusers" and had never seen them before, and then described them as people his partner had seen previously "in drug areas."

In sum, we concur with the trial court that the affidavit presented to the magistrate did not contain sufficient information to conclude that there was a fair probability that contraband would be found on appellees' premises.

*Judgment affirmed. Banke, P. J., and Carley, J., concur specially.*

Banke, Presiding Judge, concurring specially.

The trial judge's decision to grant the motion to suppress was based, in part, on the following finding of fact: "[The affiant's] testimony is not credible in that he was unable to corroborate, in any manner, his testimony of when and where the surveillance took place and the number of individuals who were allegedly seen going to and from [the defendant's residence]."

The trial judge sits as the ultimate trier of fact at a hearing on a motion to suppress, and his findings will not be disturbed if there is any evidence to support them. *State v. Swift*, 232 Ga. 535, 536 (207 SE2d 459) (1974). "Credibility of witnesses, resolution of any conflict or inconsistency, and weight to be accorded testimony [are] solely the province of the judge on a motion to suppress." *Rogers v. State*, 155 Ga. App. 685, 686 (272 SE2d 549) (1980). Consequently, I agree that the grant of the motion to suppress should be affirmed.

I am authorized to state that Judge Carley joins in this special concurrence.

DECIDED MARCH 2, 1988.

*Sam B. Sibley, Jr., District Attorney, George N. Guest, Assistant District Attorney*, for appellant.
*Martin C. Puetz*, for appellees.