## A01A1100. CARLTON v. THE STATE.
### (554 SE2d 318)

ANDREWS, Presiding Judge.

Cecil Carlton appeals from the judgment entered after a trial court found him guilty of possession of cocaine with intent to distribute. Carlton argues the trial court erred in denying his motion to suppress, claiming there were irregularities in the application for the warrant as well as insufficient probable cause for the issuance of the warrant. We conclude there was no reversible error and affirm.

At the motion to suppress hearing, Officer Kirkland testified that he applied for a search warrant on Carlton's residence on the morning of September 30, 1999, based primarily on information provided by a confidential informant. The confidential informant told the officer that Carlton was distributing narcotics from his residence.

---

[10] *Bacon v. State*, 225 Ga. App. 326, 327 (483 SE2d 894) (1997).
[11] *Bean v. State*, 204 Ga. App. 242, 243 (2) (418 SE2d 798) (1992).

The informant met with the officer within 72 hours preceding the issuance of the warrant. At this meeting the informant told the officer he had been inside Carlton's residence and observed the sale of narcotics within the same 72-hour period.

The confidential informant had previously furnished the officer with reliable information. The officer testified he had known the informant for eight years and, during that time, the informant had given the officer information leading to several drug-related convictions and convictions in a murder case. In addition, the informant had never supplied the officer with unreliable information.

The officer began an independent inquiry into the allegations made by the confidential informant. For instance, the officer contacted the city water department and discovered service at the address named by the informant was listed in Carlton's name. The officer also checked with fellow police officers who stated the address given by the informant was in fact Carlton's residence. Once the location of Carlton's residence was established, the officer conducted visual surveillance of the area. The officer witnessed heavy foot traffic to and from the residence. The officer stated heavy foot traffic was an indication of street-level sales of narcotics.

Next, the officer obtained a search warrant for Carlton's residence based on the information received from the informant and the officer's independent investigation of the residence. During the search, officers found cocaine and charged Carlton with possession of cocaine with intent to distribute.

1. Carlton claims the trial court erred in denying his motion to suppress, arguing that technical irregularities in the search warrant and affidavit render the warrant invalid. Specifically, he contends that the magistrate issued the search warrant before the officer swore to the affidavit and application.

The record shows that the search warrant was issued on September 30, 1999, at 9:26 a.m. and that the affidavit was signed by the officer at 9:27 a.m. Carlton argued below and now on appeal that this violates the requirement that probable cause be shown to the magistrate before he issues the warrant. The trial court rejected this argument, finding that probable cause existed for the warrant and minor discrepancies as to the times stated on the documents were not materially significant and were all part of an ongoing process.

In reviewing the decision of the trial court on a motion to suppress, this Court must accept the trial court's decisions on the credibility of witnesses and questions of fact unless clearly erroneous. *Roberson v. State*, 246 Ga. App. 534, 535 (540 SE2d 688) (2000).

OCGA § 17-5-31 states: "No search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." Here, the officer's testimony

shows the affidavit and warrant were all before the magistrate at the same time on the same date. The officer testified that he went to the magistrate on the morning of September 30, presented him with the information set out above, received the search warrant and executed it. Therefore, the trial court could correctly find that any errors as to the time the affidavit and warrant were signed "were clearly typographical and were not so material as to destroy the integrity of the affidavit or the validity of the warrant." *Cunrod v. State*, 241 Ga. App. 743, 744 (526 SE2d 900) (2000); see also *Merritt v. State*, 121 Ga. App. 832, 833 (175 SE2d 890) (1970) (holding a warrant which failed to include the time of issuance did not render the warrant invalid).

Moreover, the cases relied on by Carlton, *Page v. State*, 136 Ga. App. 807 (222 SE2d 661) (1975) (physical precedent only), and *Reid v. State*, 129 Ga. App. 660 (200 SE2d 456) (1973), are not on point. In both these cases, the magistrate testified that he made no determination of the existence of probable cause. *Page*, supra at 807; *Reid*, supra at 660. That is not the case here. Accordingly, we conclude there was no error in the trial court's decision on this issue.

2. Next, Carlton argues there was no probable cause to issue the search warrant because the officer's affidavit failed to disclose to the magistrate that the confidential informant was paid for his information and he had a criminal record.

> In determining whether an affidavit provides sufficient probable cause for issuance of a search warrant, a magistrate must simply make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. On appeal, we give substantial deference to the magistrate's decision to issue the warrant, and we construe the evidence in favor of the court's decision that probable cause existed.

(Citation and punctuation omitted.) *Jones v. State of Ga.*, 249 Ga. App. 64, 66 (547 SE2d 725) (2001).

The affidavit in this case presented sufficient information to allow the magistrate a substantial basis for a finding of probable cause. The information in the affidavit was given by an experienced narcotics officer through his investigation. In addition, information in the affidavit was supplied by a confidential informant who had

proved reliable in past cases. The officer stated that a reliable informant had personally observed Carlton sell cocaine within the past 72 hours. The fact that the affidavit failed to disclose the confidential informant's criminal record or that he was being compensated for the information he supplied "was offset by the other indicia of the informant's reliability." *Roberson,* supra at 537. The trial court did not err in denying Carlton's motion to suppress.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED AUGUST 23, 2001 —

*Gilbert J. Murrah,* for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney,* for appellee.