## 71587. FUTCH et al. v. THE STATE.

(342 SE2d 493)

DEEN, Presiding Judge.

The appellants, Ronald and Lisa Futch, were convicted of possessing more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. On appeal they attack, *inter alia*, the validity of the search warrant, pursuant to which evidence was seized from their residence. *Held*:

1. In determining whether to issue a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U. S. 213, 238-239 (103 SC 2317, 76 LE2d 527) (1983); *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984).

In this case, the affidavit submitted in application for the search warrant provided that "[a] concerned citizen who is a mature person, that is regularly employed with personal connection with the suspect, and who has demonstrated a truthful demeanor makes known the following facts to this deputy. (1) that at the above stated location there is now growing app. 300 Marijuana Plants app 4in high. (2) that in the tin ulity building in a gray toolbox there is app. 2 lbs of cut Marijuana (3) that in the house trl there is app 2 lbs of cut Marijuana." In determining whether the magistrate had a substantial basis for concluding that probable cause existed, we have only this affidavit to consider. At the hearing on the motion to suppress, the magistrate who had issued the warrant recalled that neither the affiant police officer nor the "concerned citizen" who accompanied him had related any additional information.

Even were the discarded, two-pronged *Aguilar-Spinelli* requirement of demonstrating an informant's reliability and the basis of the informant's knowledge still in effect, the affidavit in the instant case would be sufficient to support issuance of the search warrant. See *Davis v. State*, 129 Ga. App. 158 (198 SE2d 913) (1973), where this court approved a similar affidavit. See also *Miller v. State*, 155 Ga. App. 399 (270 SE2d 822) (1980). "Because the totality of the circumstances analysis under *Illinois v. Gates* actually is a more lenient test (supposedly a practical, common-sense approach) than the *Aguilar-Spinelli* test it logically follows that the affidavit in this case provided sufficient basis for finding probable cause." *State v. Farmer*, 177 Ga. App. 18, 20 (338 SE2d 489) (1985).

2. The appellants' remaining enumerations of error have no merit.

*Judgment affirmed. Pope and Beasley, JJ., concur. Pope and Beasley, JJ., also concur specially.*

POPE, Judge, concurring specially.

I concur in all that Presiding Judge Deen has written. I write to emphasize to the bench and bar that, in regard to search warrants, we

must not exalt form over substance. It does no good for this court to lecture police and magistrates about the form affidavits should take in connection with applications for search warrants. As pointed out by the Supreme Court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), we now take "a practical, common-sense approach to the requirement of probable cause relative to the issuance of search warrants." Id. at 182.

In the present case, this rule of common sense is illustrated. As the majority recognizes, the concerned citizen accompanied the deputy sheriff when he went to the magistrate to apply for the warrant. So, the magistrate knew the citizen was not reluctant to be identified by the magistrate as the person who gave the very specific information, and the magistrate could infer from the wording of the application as it was brought to her and from common sense that the citizen simply did not want to be publicly named in the application.[1] The indicia of reliability of the informer himself included the deputy sheriff's vouching for him and stating several factors that pointed to trustworthiness.

Further, the detailed description of what the informer saw added reliability. It was not vague or generalized but instead was extremely precise so less likely to have been contrived. The fact that *several* specific places on the premises, and marijuana in two different forms, were listed, weighed against a conclusion that the observer was mistaken about seeing marijuana. The detailed description of the premises themselves also indicated the citizen's close familiarity with them.[2] The detailing of all of these things itself " 'reduced the chances of a reckless or prevaricating tale, thus providing "a substantial basis for crediting the hearsay." ' [Cit.]" *Thomas v. State*, 173 Ga. App. 481, 482 (1) (326 SE2d 840) (1985). *What* the citizen observed, as described in the affidavit, had some earmarks of being *marijuana*, and the magistrate could take account of that as well, with respect to validity.

The magistrate also knew that the observation had been made that day and that the deputy sheriff was anxious to obtain the warrant and conduct the search immediately, while the odds were greatest that what had been seen was still there. Also, it was already late in the afternoon.

Although there was no evidence before the magistrate that the

---

[1] It was established by the motion hearing that the citizen was defendant Ronald's brother, who lived across the street from the Futches. Although the record does not show whether the magistrate knew this, even if she did not, she knew the person who was present could be identified. That is what added reliability to him and to the information he gave.

[2] "Place . . . to be searched. Rt. 1 Box 537, Guyton, Ga., to which a Green and White Single Wide Mobile Home on left side of road coming from Billy Exleys field. There is Large White Dish ant. in front yard."

sheriff had independently corroborated the information that the marijuana was present, it is the totality of the circumstances which we must consider. Of course, some independent sheriff-initiated corroboration would have given additional strength and perhaps avoided the appeal and possible reversal or at least avoided delay in the finality of the case. What corroboration of the information as supplied could have been undertaken, however, is impossible for us to say, not knowing the scene or the context.

The task of the court reviewing the magistrate's action "is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U. S. 727 (104 SC 2085, 2086, 80 LE2d 721) (1984). In that case, instructs the Supreme Court, "deference to the decision of the magistrate to issue a warrant" is to be given. Quoting from *United States v. Ventresca*, 380 U. S. 102, 109 (85 SC 741, 13 LE2d 684) (1965), it reaffirms that " '[a]lthough in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.' "

Although as in *Massachusetts v. Upton*, 104 SC at 2088, 2089, supra, "[n]o single piece of evidence . . . is conclusive . . . the pieces fit neatly together . . . The informant's story and the surrounding facts possessed an internal coherence that gave weight to the whole." Thus, applying common sense and looking to the totality of the circumstances, it is readily apparent that this search warrant passes muster.

Since probable cause was sufficiently shown to the magistrate, the application of *United States v. Leon*, 468 U. S. __ (104 SC 3405, 82 LE2d 677) (1984), is unnecessary.

I am authorized to state that Judge Beasley joins in this special concurrence.

BEASLEY, Judge, concurring specially.

I fully concur with Presiding Judge Deen and Judge Pope and agree that the totality of the circumstances here supported the magistrate's decision to issue the search warrant in accordance with federal constitutional law. We are, of course, applying only the federal constitutional rule as that is what defendants base their claim of error on. See *State v. Stephens*, 252 Ga. 181, 187 n.1 (311 SE2d 823) (1984). The state constitution and state law are not involved.

Since I dissented in *State v. Farmer*, 177 Ga. App. 18 (338 SE2d 489) (1985), where this court met the same issues, I point out that the facts in this case are quite different. A primary distinction is that in

*Farmer*, as expressed in the dissent, there was "a complete lack of any specifics or details of the circumstances of the informant's opinion." And in that case, the source was a confidential informant, not a concerned citizen. Judge Pope relates the significance of this factor. *Miller v. State*, 155 Ga. App. 399 (I) (A) (270 SE2d 822) (1980).

DECIDED FEBRUARY 19, 1986 —
REHEARING DENIED MARCH 5, 1986.

*Elmer H. Young III*, for appellants.
*J. Lane Johnston, District Attorney*, for appellee.