A89A0438. ADAMS v. THE STATE.
(383 SE2d 378)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of bribery, trafficking in cocaine, and possession of marijuana. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

The sole enumeration is that the trial court erred in its denial of appellant's motion to suppress the cocaine and marijuana. The contraband was found in appellant's residence during a search which was conducted pursuant to a warrant. The contention is that the supporting affidavit was insufficient to authorize the magistrate's issuance of a warrant to search appellant's residence.

Assuming without deciding that the affidavit did not provide the issuing magistrate with probable cause to believe that contraband would be found in appellant's residence, the exclusionary rule has nevertheless been " 'modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.' " *United States v. Leon*, 468 U. S. 897, 905 (104 SC 3405, 82 LE2d 677) (1984). "It is the mag-

istrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination. . . ." *United States v. Leon*, supra at 921. " '[A] warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.' [Cit.]" *United States v. Leon*, supra at 922. "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, supra at 926.

There are no allegations that, in issuing the warrant to search appellant's residence, the magistrate abandoned his detached and neutral role. There is no evidence that the affiant was dishonest or reckless in preparing the affidavit or that he could not have harbored an objectively reasonable belief in the existence of probable cause to search appellant's residence. "[T]he [officer's] reliance on the magistrate's determination of probable cause was objectively reasonable, and application of the extreme sanction of exclusion is inappropriate." *United States v. Leon*, supra at 926. The trial court correctly denied appellant's motion to suppress.

*Judgments affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur, although the affidavit in this case, and the officer's reliance on the warrant issued pursuant to it, reach the outer limits of *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984). The affidavit seeks a search warrant for "the residence of 'Danny Boy' Adams" at a specific address and states the following "facts" to show probable cause for the magistrate to believe that cocaine is then in the residence: "This investigator has received information from a reliable, confidential informer that has been reliable on several occasions in the past. Informer states that he has seen drugs at said location on several occasions. That the above (person) is a known drug dealer in said substance."

"In determining whether to issue a search warrant, '(t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magis-

trate had a "substantial basis for . . . conclud(ing)" that probable cause existed.' *Illinois v. Gates*, 462 U. S. 213, 238-239 (103 SC 2317, 76 LE2d 527) (1983); *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984)." *Futch v. State*, 178 Ga. App. 115, 116 (342 SE2d 493) (1986). The reviewing court must "determine whether there is substantial *evidence* in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U. S. 727 (104 SC 2085, 2086, 80 LE2d 721) (1984). (Emphasis supplied.)

The statements in the affidavit are to a large measure conclusions and opinions, not facts. The conclusory facts are not substantiated. How does the officer know that the informer is reliable? How has he proved to be reliable? What led the informer to conclude that he had seen drugs on the premises, i.e., what did he see? When did he see drugs there? Was it recently, so that the magistrate could conclude that they were still there or others had been brought in as part of a continuing supply? (See *Caffo v. State*, 247 Ga. 751, 755 (279 SE2d 678) (1981); *Shrader v. State* 159 Ga. App. 522, 523, 524 (284 SE2d 37) (1981)). What facts led to the conclusory fact that Adams was a drug dealer?

Under *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), " ' "(P)robable cause means . . . reasonable grounds, and is that apparent state of facts which seems to exist after reasonable and proper inquiry." [Cits.]' *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984)." *Mize v. State*, 173 Ga. App. 327, 328 (1) (326 SE2d 782) (1985).

Thus it would appear that the affidavit is substantially deficient. It does not " 'provide the magistrate with a substantial basis for determining the existence of probable cause.' " *United States v. Leon*, supra at 915. Compare *State v. Farmer*, 177 Ga. App. 18 (338 SE2d 489) (1985), which involved an affidavit containing more than in this case but was still viewed as insufficient by three judges. On the other hand, compare the affidavit in *Futch*, supra.

The purpose of the exclusionary rule as a sanction is not to teach magistrates, however, but rather to deter unlawful police conduct, as the Court in *Leon* reemphasized. Supra at 919. Thus the question is whether the officer's reliance is "objectively reasonable, . . . and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *Leon*, supra at 922-923. In addition to the instances cited in the majority opinion, *Leon* holds that the good faith exception does not apply in yet other circumstances, such as when an officer relies "on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " *Leon*, supra at 923.

The affidavit here comes very close to being "so lacking" that the

trained eight-year veteran law enforcement investigator who prepared and presented it, not even in a hurried situation (it was not executed for ten days), could be concluded to recognize its "bare bones"[1] deficiency so as to render his reliance not "objectively reasonable." As our Supreme Court has said: "The good-faith exception to the exclusionary rule occurs when an officer makes a judgmental error concerning the existence of facts sufficient to constitute probable cause if the officer has forthrightly set out the facts in an affidavit for a search warrant." *State v. Stringer*, 258 Ga. 605, 606 (372 SE2d 426) (1988).

The facts which the officer testified to at the suppression hearing demonstrated that he had substantial evidence of probable cause, but he chose not to relate it to the magistrate, inching close to the "rubber stamp" situation which also disallows the good faith exception. *Leon*, supra at 914, 923.

However, since under the Fourth Amendment as construed by the United States Supreme Court, searches pursuant to warrant are to be given great deference, *Leon*, supra at 914, 922, I agree that the good faith exception can be applied. The officer's error in nearly usurping the magistrate's role by not presenting the facts constituting probable cause, and relying on the resulting warrant, does not require as a matter of law the exclusion of the evidence from the factfinder's determination of defendant's guilt or innocence.

It should be pointed out that the State Constitution and state law are not involved. See *State v. Stephens*, 252 Ga. 181, 187, n. 1 (311 SE2d 823) (1984).

DECIDED JUNE 20, 1989.

*Westbrook & Vines, William J. Westbrook*, for appellant.
*Ralph Van Pelt, Jr., District Attorney, Susan R. Sarratt, Assistant District Attorney*, for appellee.

---

[1] See *United States v. Leon*, supra at 923, n. 24.