A90A0778. THE STATE v. WHITE.

(396 SE2d 601)

BIRDSONG, Judge.

The State appeals from the grant of a motion to suppress evidence of contraband drugs seized pursuant to a search warrant. After reciting the address and describing with particularity the premises to be searched, the affidavit accompanying the warrant stated as follows: "Within the past 48 hours, I, Sgt. Bryant, was contacted by a concerned citizen who said they had an occasion to be at the above residence of 727A 3rd. St. N.W. and did see a quantity of cocaine in the residence. Concerned citizen stated the subject who had the cocaine is known on the street as 'Big Man.' I believe the information given by the concerned citizen to be true and correct." After hearing the matter, the trial court granted the motion on the ground that the affiant failed to state when the informant saw the cocaine in the possession of the suspect, which is an essential element in the issuance of a valid search warrant. See *Windsor v. State*, 122 Ga. App. 767 (178 SE2d 751). The State appeals, contending that because the law officers relied in good faith in executing the warrant issued by a neutral and detached magistrate, the trial court erred in granting the motion to suppress. *Held*:

"In determining whether to issue a search warrant, '(t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud(ing)" that probable cause existed.' *Illinois v. Gates*, 462 U. S. 213, 238-239 (103 SC 2317, 76 LE2d 527) (1983); *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984)." *Futch v. State*, 178 Ga. App. 115, 116 (1) (342 SE2d 493).

"The good-faith exception to the exclusionary rule occurs when

an *officer* makes a judgmental error concerning the existence of facts sufficient to constitute probable cause if the officer has forthrightly set out the facts in an affidavit for a search warrant." *State v. Stringer*, 258 Ga. 605, 606 (372 SE2d 426). To ensure that there was a valid basis for the magistrate's conclusion, the reviewing court must "determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U. S. 727, 728 (104 SC 2085, 80 LE2d 721). "We must determine, among other things, whether the hearsay information supplied to the affiant, coupled with the affiant's personal observations, presented a fair probability that contraband would be found at the [suspect's] residence." *State v. Brown*, 186 Ga. App. 155, 156 (1) (366 SE2d 816).

In the instant case, Sgt. Bryant, the affiant, swore that he had been contacted by a "concerned citizen," yet he admitted under cross-examination that he did not know the identity of the concerned citizen and was unable to give any basis for believing that the information was true. He had received information from another anonymous source over a month before that there were drugs in the same residence, but acknowledged that that information was stale and no one had told him they "directly saw cocaine in the apartment." Although he staked out the residence after receiving the second tip, he did not observe any traffic going in or coming out of it. When the issuing magistrate was asked if Sgt. Bryant had given her any information other than what was stated in the body of the affidavit, she could not recall. She further testified that the only basis she had to believe the informant was a concerned citizen was because in the past she had never had any reason to doubt what Sgt. Bryant told her. Thus it is clear that the warrant was issued on no basis other than the affiant's conclusory statement that the anonymous tipster was a concerned citizen.

We therefore conclude that this case is controlled by the decision in *State v. Brown*, supra. "[T]he magistrate must consider the veracity and basis of knowledge of persons supplying hearsay information to an affiant officer. The affidavit in the case at bar contained no information about the basis of the informant's knowledge or reasons why the informant should be believed. In effect, the investigation . . . had as its inception information received by the affiant officer over the telephone from an anonymous tipster described by the affiant as a 'concerned citizen.' 'This court has always given the concerned citizen informer a preferred status insofar as testing the credibility of his information. [Cits.]' [Cits.] However, before an anonymous tipster can be elevated to the status of 'concerned citizen,' thereby gaining entitlement to the preferred status regarding credibility concomitant with that title, there must be placed before the magistrate facts from

which it can be concluded that the anonymous tipster is, in fact, a 'concerned citizen.' [Cits.] An informant's veracity, reliability, and basis of knowledge are 'highly relevant in determining the value of his report' and while these elements are not 'entirely separate and independent elements to be rigidly exacted in every case,' they are 'closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.' [Cit.] The affidavit in the case at bar contained no information from which it could be gleaned that the tipster was, in fact, a 'concerned citizen.' The magistrate was given nothing other than the affiant's conclusory statement that the tipster was a concerned citizen. That will not suffice. [Cit.] Therefore, the informant was not entitled to a preferred status insofar as testing the credibility of his information. The complete lack of information about the informant and the basis of his knowledge relegated the information he supplied to the status of rumor." Id. at 157-158 (2). Compare *Christopher v. State*, 190 Ga. App. 393 (1) (379 SE2d 205) and *McQueen v. State*, 189 Ga. App. 743 (377 SE2d 682), distinguishing *State v. Brown*, supra, on these grounds. It follows that the trial court correctly granted appellee's motion to suppress.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 4, 1990.

H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, for appellant.

*May & Horkan, Dwight H. May*, for appellee.