A92A0668. McRAE v. THE STATE.
(418 SE2d 796)

McMURRAY, Presiding Judge.

Defendant McRae appeals his conviction of the offense of trafficking in cocaine. *Held:*

1. Defendant's first two enumerations of error complain of the denial of his motion to suppress evidence. Officer Jones of the Cobb County Police Department received an anonymous telephone call on December 4, 1989. The caller stated that on the preceding day, Robert McRae had received three-quarters of a kilogram of cocaine, and the individual stated that he or she had actually seen the contraband. Robert McRae was described to the officer as a black man who lives in the rear of Building 14 of Woodgreen Apartments. The caller told the officer that Robert McRae had an orange Jeep which was broken down and in the repair shop so that he would be dealing out of the apartment. Previous drug complaints had been made in connection with Woodgreen Apartments. Officer Jones made inquiries with the apartments' management via Officer Cook who worked as security at the apartment complex and was told that the apartment complex did not have a Robert McRae, but that there was a Tyrone McRae. Officer Jones was also provided a social security number and other personal data concerning Tyrone McRae. A computer check on the social security number provided information that Tyrone McRae had been convicted of possession of cocaine in New Jersey and was wanted there on a drug charge. However, the computer printout indicated that New Jersey officials would not extradite on that charge except from an adjoining state. Officer Jones telephoned New Jersey and verified that officials from that state would not extradite, although time was not taken to actually verify the existence of a warrant. Evidence presented at the motion to suppress hearing shows that in fact there was no warrant for the arrest of defendant Tyrone McRae outstanding in New Jersey. Officer Jones' further investigation amounted to an hour long visit to the apartment complex during which he did not observe anything which would lead him to believe that drug dealing or trafficking in cocaine was going on in Building 14. At that time, Officer Jones did not know what Tyrone McRae or Robert McRae looked like, and could only note that there were black males in the

area. Defendant contends that there was a lack of probable cause for the issuance of the search warrant since the reliability of the anonymous informant was not established.

The uncorroborated telephone call from an anonymous tipster is not alone sufficient to base a finding of probable cause. See *Stola v. State,* 182 Ga. App. 502, 503 (1), 504 (356 SE2d 222). None of the additional information acquired by the officer was illuminating as to any criminal activity. "To ensure that there was a valid basis for the magistrate's conclusion, the reviewing court must 'determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant.' *Massachusetts v. Upton,* 466 U. S. 727, 728 (104 SC 2085, 80 LE2d 721). 'We must determine, among other things, whether the hearsay information supplied to the affiant, coupled with the affiant's personal observations, presented a fair probability that contraband would be found at the (suspect's) residence.' *State v. Brown,* 186 Ga. App. 155, 156 (1) (366 SE2d 816)." *State v. White,* 196 Ga. App. 685, 686 (396 SE2d 601). In the case sub judice, the officer's conclusory characterization of the informant as a "concerned citizen," a status entitling a preferred status insofar as credibility is concerned, is shown to be unwarranted since the officer did not know the identity of the informant nor provide any information supporting entitlement to this preferred status. As in *State v. White,* 196 Ga. App. 685, supra, and *State v. Brown,* 186 Ga. App. 155 (366 SE2d 816) (1988), the complete lack of information concerning the informant and the basis of the informant's knowledge relegated the information supplied by the informant to the status of rumor. The officer's affidavit based on the above-stated information, was not sufficient to provide the magistrate with probable cause for the issuance of a warrant.

The State argues that the exclusionary rule should not be invoked since there was good faith reliance by the officer on the magistrate's issuance of the search warrant we now hold to be defective. See *Debey v. State,* 192 Ga. App. 512 (385 SE2d 694), and *Adams v. State,* 191 Ga. App. 916 (383 SE2d 378). However, in the case sub judice the officer's reliance upon the magistrate's determination was objectively unreasonable since the affidavit was so lacking in indicia of probable cause. While a law enforcement officer is not presumed to possess the knowledge of an attorney, their duties require them to become reasonably conversant with certain areas of the law including those at issue in the case sub judice. Therefore, while law enforcement officers may generally rely upon the magistrate's determination of probable cause, an officer cannot be viewed as acting in objective good faith where he or she relies upon a magistrate's determination of probable cause " ' "so lacking in indicia of probable cause as to render (his) official belief in its existence entirely unreasonable." (Cits.)'

*United States v. Leon,* [468 U. S. 897, 923 (III C) (104 SC 3405, 82 LE2d 677)]." *Debey v. State,* 192 Ga. App. 512, 514, supra. Under these circumstances, suppression is the appropriate remedy. *Debey v. State,* 192 Ga. App. 512, 514, supra. The trial court erred in denying defendant's motion to suppress.

2. In view of our holding in Division 1, defendant's remaining enumerations of error need not be addressed.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MAY 13, 1992.

*Boykin & Cobham, Jerry Boykin,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.