A93A1281. HAMILTON v. THE STATE.
(436 SE2d 500)

COOPER, Judge.

Appellant was convicted of possession of cocaine with intent to distribute and appeals from the judgment of conviction and the de-

nial of his motion for a new trial.

At 11:00 a.m. on February 24, 1992, Officer Dallas Stidd, a detective with the Norcross Police Department, met with a female confidential informant. The informant told him that a man who called himself "Smooth" and drove a blue Ford was selling illegal drugs. She said that she could page "Smooth" and set up a buy. In a phone call monitored by Officer Stidd, she did call "Smooth" and set a meeting for 1:00 p.m. in the parking lot of Dunkin Donuts on Jimmy Carter Boulevard. Officer Stidd searched the informant to make sure she had no drugs on her and then gave her $40 to purchase cocaine. He and another officer set up surveillance in a motel room overlooking the Dunkin Donuts parking lot where the informant waited. At approximately 1:00 p.m., a man drove up in a blue Ford, and the informant got into his car. She got out a short time later and the Ford drove off. She went back to the officers without the $40 and with two pieces of cocaine, having never been out of the officers' sight from the time of the search to the time she returned. The officers viewed the car from approximately 50 yards away and were not able to see the actual transaction. However, Officer Stidd was able to see the face of the driver, the only occupant of the car, through a zoom lens of a video camera for about four seconds before the camera's battery went out. Officer Stidd was able to positively identify appellant as the driver of the blue Ford. Officer Stidd also took down the license tag number of the blue Ford and the following day obtained a warrant to search the vehicle and its driver. The warrant was executed two days later, when Officer Stidd spotted appellant in the blue Ford coming out of a nearby motel. In the area of the front seat, the officers found a Crown Royal bag containing 16 pieces of cocaine, scales, razor blades and baggies. Appellant was charged and convicted of possession with intent to distribute based on the cocaine found in this search. He was not charged with sale of cocaine based on the controlled buy by the informant. At trial, appellant acknowledged that he was at the Dunkin Donuts in a blue Ford on February 24, 1992 but stated that no one got into his car there. He also testified that neither the blue Ford nor the cocaine belonged to him.

1. Appellant argues that the trial court erred in denying his motion to suppress because the search warrant was issued without probable cause. " 'In determining whether to issue a search warrant, "(t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud(ing)' that proba-

ble cause existed." [Cits.]' [Cit.]" *State v. White*, 196 Ga. App. 685 (396 SE2d 601) (1990). Specifically, appellant contends that there was no probable cause because the officer obtaining the search warrant did not show that his informant was reliable. See *White*, supra; *State v. Brown*, 186 Ga. App. 155 (2) (366 SE2d 816) (1988). Unlike the officers in *White* and *Brown*, however, Officer Stidd relied on what he had actually seen rather than on an informant's hearsay to establish probable cause for the warrant. The affidavit in support of the warrant related that after searching the informant, the affiant watched the informant get into appellant's car with money and no cocaine and then emerge from the car with cocaine and no money. Viewed in a practical commonsense manner, this alone was sufficient to establish "a fair probability that contraband or evidence of a crime" would be found in appellant's car, regardless of the reliability of the informant. See *McKenzie v. State*, 208 Ga. App. 683, 685 (2) (431 SE2d 715) (1993).

2. Citing *Moore v. State*, 187 Ga. App. 387 (2) (370 SE2d 511) (1988), appellant next contends that the State should have been required to produce the informant as a material witness because she actually participated in the purchase of cocaine and would have been able to testify regarding the transaction and the identity of the seller. In *Moore*, this court held that where an officer accused a defendant of selling cocaine, the defendant denied it and the informant was the only possible witness in a position to amplify or contradict the testimony of the officer and defendant, the benefits to the defendant of disclosing the identity of the informant outweighed the resulting harm to the government, and disclosure of the informant's identity was mandated. Id.; see also *Ponder v. State*, 191 Ga. App. 346 (381 SE2d 534) (1989). However, in *Moore* and its progeny, the defendant was charged with selling drugs based on the transaction which the informant in question had participated in or witnessed. In this case, appellant was *not* charged with selling drugs based on the transaction involving the informant but with possession with intent to distribute based on the drugs found pursuant to the search warrant three days later. Consequently, *Moore* does not control. Moreover, we note that the State provided the defendant with all the information it had regarding the informant, who apparently did not give her real name. Indeed, when the State was unable to locate the informant, it dropped a second count which could not be proved without her testimony. Under these circumstances, the trial court did not err in denying appellant's motion to compel disclosure of the informant.

3. In his third enumeration of error, appellant argues that the State should not have been allowed to elicit testimony regarding the informant's motivations since such testimony was necessarily based on hearsay and the informant was not present for cross-examination.

The record reveals that defense counsel asked Officer Stidd on cross-examination whether informants are often individuals who have been arrested and turn in someone else to get a better deal. On redirect, the State established that the informant in this case did not have criminal charges pending against her, that she had contacted the officer voluntarily and that she had been paid $20 in accordance with the usual procedure for paid informants. Thus, it appears that appellant initiated the subject of the informant's motivations and the information elicited was in fact based on the officer's knowledge rather than hearsay. The trial court therefore did not err in overruling appellant's objection to this testimony and denying his motion for mistrial.

4. Lastly, appellant asserts that the trial court erred in allowing Officer Stidd's testimony regarding the controlled buy. He argues that this buy was a similar transaction and the State did not follow the procedures for admission of a similar transaction set forth in USCR 31.3. However, the trial court properly ruled that this testimony was not evidence of a separate transaction subject to the rule but was instead evidence of the circumstances surrounding the charged offense. See *Carroll v. State*, 202 Ga. App. 544 (2) (415 SE2d 37) (1992).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 8, 1993 —
RECONSIDERATION DENIED OCTOBER 12, 1993

*Moore & Davidson, W. Keith Davidson,* for appellant.
*Daniel J. Porter, District Attorney, Debra K. Turner, David K. Keeton, Assistant District Attorneys,* for appellee.