## A93A1316. EATON v. THE STATE.
(435 SE2d 756)

JOHNSON, Judge.

James Randall Eaton appeals from his conviction of possession of marijuana with intent to distribute.

1. Eaton contends that the trial court erred in denying his motion to suppress evidence of marijuana and other items seized from his property pursuant to a search warrant because the affidavit filed in support of the warrant did not establish probable cause. The affidavit was the only evidence presented to the magistrate, who issued the warrant on October 10, 1991. The attesting officer swore in his affidavit that in 1989 the police seized marijuana plants growing near Eaton's residence and several days later the officer received a telephone call from an anonymous tipster claiming that the plants belonged to Eaton. In 1990 the officer received telephone calls from two more anonymous tipsters, one claiming to have seen marijuana plants growing near Eaton's house and the other claiming to have witnessed Eaton in his house selling marijuana. The officer also stated in the affidavit that within the 72-hour period preceding October 10, 1991, he had received yet another call from an anonymous tipster who claimed to have seen marijuana being prepared for sale at Eaton's residence sometime during that 72-hour period and to have seen marijuana in Eaton's residence on another occasion.

"In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the totality of the circumstances analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by [the Georgia Supreme] [C]ourt in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), with the admonition that prudence counsels that *Gates* be considered as the outer limit of probable cause. Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In addition, [the Georgia Supreme] [C]ourt has cautioned attesting officers and magistrates to make every effort to see that supporting affidavits reflect the maximum indication of reliability." (Citations, punctuation and emphasis omitted.) *Gary v. State*,

262 Ga. 573, 577 (422 SE2d 426) (1992). Here, the attesting officer and the magistrate failed to make the effort required to see that the affidavit reflects the maximum indication of reliability. Based on the unreliable information in the affidavit, the magistrate did not have a substantial basis for concluding that marijuana and items used for growing and distributing it would be found on Eaton's property.

The information concerning the tips in 1989 and 1990 is unreliable because it is stale. "[T]he time within which proof of probable cause must be considered by the magistrate must be of facts closely related to the time of the issuance of the warrant so as to justify such finding *at that time*." (Emphasis in original.) *Maxwell v. State*, 127 Ga. App. 168, 170 (193 SE2d 14) (1972). "The question is one of reasonability: Is the lapse of time so long that it is no longer reasonable to believe that the same conditions described in the affidavit remain at the time a warrant is issued? [Cit.]" *Tuzman v. State*, 145 Ga. App. 761, 764 (2) (244 SE2d 882) (1978). The attesting officer failed to specify in his affidavit when the anonymous tips in 1989 and 1990 were received. Depending on the exact dates of the tips in 1990, they could have been received anywhere from nearly a year to two years before the warrant was issued in October 1991, while the 1989 tip could have been anywhere from nearly two years to three years old by the time of the warrant. These lapses of time are so long that it was no longer reasonable for the magistrate to believe that the same conditions described in these anonymous tips remained at the time she issued the warrant.

Moreover, all of the anonymous tips set forth in the affidavit are unreliable because the independent investigation done by the police in an effort to corroborate the details of the tips was insufficient; they corroborated only that Eaton lived where the tipsters said he did. "Our decisions applying the totality of circumstances analysis have consistently recognized the value of corroboration of details of an informant's tip by independent police work. [Cit.]" (Punctuation omitted.) *State v. Stephens*, 252 Ga. 181, 183 (311 SE2d 823) (1984).

The affiant also failed to present any facts upon which the magistrate could have determined the veracity of any of the informants. "An informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of his report and while these elements are not entirely separate and independent elements to be rigidly exacted in every case, they are closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is probable cause to believe that contraband or evidence is located in a particular place." (Citations and punctuation omitted.) *State v. White*, 196 Ga. App. 685, 687 (396 SE2d 601) (1990); *State v. Brown*, 186 Ga. App. 155, 157-158 (2) (366 SE2d 816) (1988). The affidavit before this magistrate contained absolutely no

information concerning the veracity of the informants who made tips in 1989 and 1990. As to the informant of October 1991, the attesting officer described him as a "concerned citizen" who had never previously given such information to the police, is mature, regularly employed and without a criminal record. At the motion to suppress hearing, however, the officer admitted that he did not know the identity of the informant and that the sole basis for this description was what the informant himself told the officer on the phone.

"This court has always given the concerned citizen informer a preferred status insofar as testing the credibility of his information. However, before an anonymous tipster can be elevated to the status of concerned citizen, thereby gaining entitlement to the preferred status regarding credibility concomitant with that title, there must be placed before the magistrate facts from which it can be concluded that the anonymous tipster is, in fact, a concerned citizen." (Citations and punctuation omitted.) *State v. White*, supra at 686-687. Here, no facts were placed before the magistrate from which she could have found that any of the informants were concerned citizens. The only evidence given to the magistrate was the affiant's conclusory statement that the informant of October 1991 was a concerned citizen. That will not suffice. All of the informants are merely anonymous tipsters, not entitled to preferred status regarding the credibility of their information. The complete lack of information about all of the informants relegated the information they supplied to the status of rumor. Based on the affidavit presented, the magistrate did not have probable cause to issue the search warrant. The trial court therefore erred in denying Eaton's motion to suppress.

2. Because of our decision in Division 1 of this opinion, we need not address Eaton's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 15, 1993.

*McArthur & McArthur, John J. McArthur, Jeffrey A. Rothman,* for appellant.

*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney,* for appellee.