## A94A0659. DAVIS v. THE STATE.
(447 SE2d 68)

JOHNSON, Judge.

We granted Linda Davis' application for interlocutory review of the trial court's denial of her motion to suppress evidence seized from a house pursuant to a search warrant. Davis' sole contention is that the court erred in denying her motion because the affidavit supporting the warrant did not establish probable cause. Although it is not clear from the record whether Davis has standing to challenge the validity of the warrant, the state has not raised this issue and in fact seems to concede in its brief that she has standing. We therefore presume that Davis has standing and shall address the merits of her appeal.

The affidavit set out below was the only evidence presented to the magistrate who issued the warrant: "Affiant was contacted by S/A Jimmy Lomax of the Georgia Bureau of Investigation on 03-08-93. That he was contacted by a concerned citizen. That the concerned citizen (CC) stated it was at the residence of Robert Maddox-AKA; 'Animal.' That while there it observed a quantity of crack-cocaine in the bedroom . . . It was in a clear plastic type bag. That in the bag was small white chunks of substance. That there were also syringes, and small vials with a water type substance in them. That it had been observed by the CC within the past 48 hours of the time of this affidavit. That affiant was advised by Lomax that the CC displayed a truthful demeanor in describing what had been observed by the CC. That CC had never gave Lomax information before, but, was able to tell the location of the . . . house . . . and also, that CC gave what sounded to be an accurate description of what crack-cocaine looks like as well as the [paraphernalia] that is usually found to be around it. CC stated there was also a white female there by the name of Linda Davis. . . . That also affiant is familiar with Robert Maddox due to the fact that affiant has arrested and convicted Maddox with conspiracy to traffic in cocaine before. Therefore it is believed that the CC has gave true and reliable information as to the fact of Maddox and the Davis woman being in possession of crack-cocaine."

"In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the totality of the circumstances analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by [the Georgia Supreme C]ourt in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), with the admonition that prudence counsels that *Gates* be considered as the outer limit of probable cause. Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of

knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In addition, [the Georgia Supreme C]ourt has cautioned attesting officers and magistrates to make every effort to see that supporting affidavits reflect the maximum indication of reliability." (Citations, punctuation and emphasis omitted.) *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992). Here, the attesting officer and the magistrate did not make every effort to see that the affidavit reflects the maximum indication of reliability. Based on the unreliable information in the affidavit, the magistrate did not have a substantial basis for concluding that contraband would be found in the house searched.

Although the affiant referred to the informant as a concerned citizen, the informant is not entitled to that status. "This court has always given the concerned citizen informer a preferred status insofar as testing the credibility of his information. However, before an anonymous tipster can be elevated to the status of concerned citizen, thereby gaining entitlement to the preferred status regarding credibility concomitant with that title, there must be placed before the magistrate facts from which it can be concluded that the anonymous tipster is, in fact, a concerned citizen." (Citations and punctuation omitted.) *State v. White*, 196 Ga. App. 685, 686-687 (396 SE2d 601) (1990). No such facts were placed before the magistrate in the instant case. The affiant did not actually speak to the informant. The GBI agent who relayed the information to the affiant had never before received information from the informant. Although the GBI agent told the affiant that the informant displayed a truthful demeanor, no factual basis was given for this conclusion. The affidavit does not indicate how the informant contacted the agent or whether the agent even observed the informant in person. The informant was merely an anonymous tipster, not entitled to preferred status regarding the credibility of his information. The complete lack of information about the informant relegated the information he supplied to the status of rumor. *Eaton v. State*, 210 Ga. App. 273, 275 (435 SE2d 756) (1993).

Moreover, the anonymous tip is unreliable because the independent investigation done by the police in an effort to corroborate it was insufficient; the police corroborated only that the house was located where the tipster said it was. " 'Our decisions applying the totality of circumstances analysis have consistently recognized the value of corroboration of details of an informant's tip by independent police work.' [Cit.]" (Punctuation omitted.) *State v. Stephens*, 252 Ga. 181, 183 (311 SE2d 823) (1984); compare *Munson v. State*, 211 Ga. App. 80 (438 SE2d 123) (1993).

The affiant also failed to present sufficient facts upon which the magistrate could have determined the veracity of the informant. "An informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of his report and while these elements are not entirely separate and independent elements to be rigidly exacted in every case, they are closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is probable cause to believe that contraband or evidence is located in a particular place." (Citation and punctuation omitted.) *State v. White*, supra at 687; *State v. Brown*, 186 Ga. App. 155, 157-158 (2) (366 SE2d 816) (1988). Here, the magistrate did not have probable cause to issue the search warrant. The trial court therefore erred in denying Davis' motion to suppress.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Beasley, P. J., Blackburn, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur. Pope, C. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent since I believe the warrant used to search the residence was supported by probable cause. "In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the 'totality of the circumstances' analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by this court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). . . . Under that analysis, '(t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for concluding" that probable cause existed. (Cit.)' " *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992); see generally *Munson v. State*, 211 Ga. App. 80 (438 SE2d 123) (1993). This test is not a hypertechnical test implemented by legal technicians, but is based on the "factual and practical considerations of everyday life on which reasonable and prudent men" act. (Punctuation omitted.) *Curry v. State*, 255 Ga. 215, 217 (1) (336 SE2d 762) (1985).

Here, a practical, common-sense analysis indicated that there was a fair probability that contraband would be found in the residence. The affidavit stated that the concerned citizen had described in considerable detail the crack cocaine he saw in the bedroom. The affidavit stated that "[i]t was in a clear plastic type bag. That in the bag was small white chunks of substance. That there were also syringes,

and small vials with a water type substance in them." The affiant stated that he was familiar with Maddox because he had previously arrested and convicted Maddox of conspiracy to traffic in cocaine. See generally *Caffo v. State*, 247 Ga. 751 (2) (c) (279 SE2d 678) (1981). These facts plus the detailed description of the residence and subsequent corroboration were sufficient to support the affidavit. See generally *Futch v. State*, 178 Ga. App. 115 (342 SE2d 493) (1986).

The majority's approach is not the "totality of the circumstances" approach from *Illinois v. Gates*. The majority's concern that the only information regarding the informant's veracity was that he "displayed a truthful demeanor" and that the only corroboration of the tip was the address of the residence. "[A]lthough information regarding the reliability of the informant is highly relevant to the totality of the circumstances determination, the absence of significant information regarding reliability is not necessarily fatal to an affidavit. Indeed, corroboration of the information given by an informant may provide a substantial basis for finding probable cause, despite deficiencies in the showing of the informant's veracity, reliability, or basis of knowledge." (Citations and punctuation omitted.) *Munson*, supra at 82; compare *State v. Bryant*, 210 Ga. App. 319, 321 (436 SE2d 57) (1993); *State v. Teague*, 192 Ga. App. 839 (386 SE2d 718) (1989). In concluding that no probable cause existed, the majority overlooks the importance of the details regarding the drugs and the fact that the magistrate was informed that Maddox had previously been convicted of a drug offense.

The determination that the warrant here was sufficient comports with the deference given searches performed pursuant to warrant. "A grudging or negative attitude by reviewing courts toward warrants, is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. . . . Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Citations and punctuation omitted.) *Mincey v. State*, 180 Ga. App. 898, 900 (1) (350 SE2d 852) (1986); *Munson*, supra at 83.

While our task is not to encourage minimal compliance with the standards set forth for the issuance of warrants, we are required to determine when those minimal standards have been met. In the instant case, those minimal standards were complied with and the trial court properly denied the motion to suppress.

I am authorized to state that Chief Judge Pope joins in this dissent.

DECIDED JUNE 24, 1994 —
RECONSIDERATION DENIED JULY 15, 1994

*Dickinson, Noel & Peeples, Joseph S. Peeples*, for appellant.
*Timothy G. Madison, District Attorney, Jeffrey G. Morrow, Assistant District Attorney*, for appellee.