A94A2670. THE STATE v. DAVIS et al.
(457 SE2d 194)

POPE, Presiding Judge.
Defendants Roy Bradley Davis and Terri Lynn Davis are charged by indictment with violations of the Georgia Controlled Substances Act, manufacture of marijuana and possession of more than one ounce of marijuana. The State appeals from the trial court's grant of defendants' motion to suppress evidence discovered pursuant to the execution of a search warrant. The entire record in regard to the issues on appeal consists of the affidavit submitted in support of the application for issuance of the search warrant.

"In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the totality of the circumstances analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by [the Georgia Supreme C]ourt in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). . . . Under that analysis, (t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether,

given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. (Cit.) *Gary [v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992)]." (Punctuation omitted.) *Munson v. State*, 211 Ga. App. 80, 81 (438 SE2d 123) (1993).

The affidavit in this case stated that the affiant was contacted by a concerned citizen, within the past 24 hours, who had been in defendant Roy Davis's residence within the previous week. The concerned citizen stated that while in Davis's residence he observed 30 to 35 growing marijuana plants. This concerned citizen also stated that he knew Davis and that Davis sold marijuana from the above residence. The concerned citizen advised the affiant that he knew what marijuana looked like and that what he saw in Davis's residence was marijuana. The affiant specifically stated that the concerned citizen is in good standing in the community and owns his own business. The affiant also described the concerned citizen as a Glynn County property owner who had nothing to gain by providing information about Davis. The concerned citizen provided the affiant with a description of Davis and the property in question, both of which the affiant determined to be correct. The affiant contacted the Glynn County Sheriff, who informed the affiant that the sheriff had received information, from a reliable source known to the sheriff, that Davis was selling marijuana out of his residence. The affiant also checked the Glynn County Police Department records wherein he found a file on Davis, which confirmed Davis's address.

In his dissent, Presiding Judge McMurray cites *Eaton v. State*, 210 Ga. App. 273, 275 (435 SE2d 756) (1993) in support of the conclusion that the unidentified informant in this case was no more than a mere anonymous tipster. *Eaton*, however, is distinguishable from the case before us in that the affiant in *Eaton* specifically testified at the motion to suppress hearing that he did not know the informant and that the sole basis for his characterization of the informant as a concerned citizen was what the informant had told the affiant on the phone. Id. Here no such testimony exists, and the language of the affidavit clearly demonstrates that the affiant in this case had a personal familiarity with the unidentified informant thereby justifying the affiant's description of said informant as a "concerned citizen." This personal familiarity is demonstrated by the fact the affiant specifically stated that the concerned citizen *is* in good standing in the community; *owns* his own business; and *owns* property in Glynn County. The affidavit does not indicate that such information was

merely provided to the affiant by the unidentified informant and thus does not bring into question the accuracy of such information.

"This court has always given the concerned citizen informer a preferred status insofar as testing the credibility of his information. Furthermore, where, as here, other investigation supports the information of the informant, this can be considered as a part of the reliable basis for the finding of probable cause." (Citations omitted.) *Whitten v. State*, 174 Ga. App. 867, 868 (331 SE2d 912) (1985). Considered in its entirety, rather than piecemeal, the affidavit also provides corroboration of the information provided by the concerned citizen. This is evidenced by the affiant's statement that he not only verified Davis's address, but that he also contacted the Glynn County Sheriff's Department and was told by the sheriff that another concerned citizen, known to be reliable, had stated that Davis was selling marijuana out of his residence.

Consequently, given the informant's status as a concerned citizen, the magistrate correctly concluded that the information included in the affidavit, viewed as a whole, provided a sufficient basis for a finding that probable cause existed for the issuance of a warrant. This is especially true in light of the fact that "[a] grudging or negative attitude by reviewing courts toward warrants, is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. . . . Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Citation and punctuation omitted.) *Munson v. State*, supra, 211 Ga. App. at 83; see *Mincey v. State*, 180 Ga. App. 898, 900 (350 SE2d 852) (1986); see also *Futch v. State*, 178 Ga. App. 115 (342 SE2d 493) (1986). Furthermore, "there exists a presumption of validity regarding an affidavit supporting a search warrant. [Cit.]" *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989). The challenger of a search warrant has the burden of proving its invalidity. OCGA § 17-5-30 (a); *State v. Slaughter*, 252 Ga. 435, 437 (315 SE2d 865) (1984). In this case, defendants did not meet their burden. Accordingly, we hold that the trial court improperly granted defendants' motion to suppress.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur. Beasley, C. J., and Smith, J., concur specially. McMurray, P. J., Johnson, Blackburn and Ruffin, JJ., dissent.*

BEASLEY, Chief Judge, concurring specially.

I agree that the affidavit contains sufficient indicia to categorize the informant as a concerned citizen. As I read in context the description of the informant who "contacted" affiant, a GBI agent, within 24 hours before preparation of the affidavit, it appears to be based on the affiant's personal knowledge of the informant. In contrast, except where it was obvious that the information was related by the informant (such as that the informant was in the residence within the past week), the affiant stated that the informant "advised" him of specified information. Thereafter the affiant described what he knew or did, being careful to say what the sheriff "advised."

The indicia of reliability of the informant are set forth directly, not as having been advised by anyone, and the affiant swore or affirmed that "all of the information contained in [the] Affidavit . . . [was] true to the best of [his] knowledge and belief." It appears from the handwriting that before the oath was administered, the magistrate added other facts related to her by affiant, including that in the affiant's opinion, what the informant described to him fit the description of growing marijuana.

Thus, based on the record before us, the magistrate had before her an officer who vouched for the informant as a person of good standing in the community, a business owner, a local property owner, a person who the affiant verified was familiar with the property to be searched, the suspect, and what growing marijuana looks like. There is no countervailing evidence, as there was in *Eaton v. State*, 210 Ga. App. 273, 275 (435 SE2d 756) (1993), with respect to the affiant's knowledge of the informant. As stated by the majority, the challenger of a search warrant must prove its invalidity, OCGA § 17-5-30 (a) (2); *State v. Slaughter*, 252 Ga. 435, 437 (315 SE2d 865) (1984), and "there exists a presumption of validity regarding an affidavit supporting a search warrant. [Cit.]" *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989).

The defendants in this case did not meet their burden, as I cannot conclude as a matter of law that the magistrate erred in finding probable cause to believe that marijuana was growing or at least was present on the premises sought to be searched. In the totality of the circumstances here, the warrant is entitled to the preference accorded by law, and its issuance did not contravene federal constitutional law. *Munson v. State*, 211 Ga. App. 80, 83 (438 SE2d 123) (1993), and cases cited therein; *Futch v. State*, 178 Ga. App. 115 (342 SE2d 493) (1986), and cases cited therein.

The Supreme Court of Georgia has cautioned attesting officers and magistrates to spell out in the affidavits the maximum indications of reliability of the informant and of the information. *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823) (1984); *Gary v. State*, 262 Ga.

573, 577 (422 SE2d 426) (1992). We have reiterated it. See, e.g., *Eaton v. State*, 210 Ga. App. 273, supra.

Affidavits should be *clear* and *complete*, reflecting all of the articulable facts upon which the affidavit relies for probable cause (except identity of informant if need be). The affidavit must communicate, to those who are not present when the affidavit is presented but must judge its validity ultimately, not only the facts but the source thereof and the basis for accepting those facts as true from the source. If that were done, there would be fewer problems of facial validity which jeopardize searches because of what is unknown or unclear to the reviewer but possibly known and clear to the affiant and magistrate.

SMITH, Judge, concurring specially.

While I concur with the majority's analysis, I write specially to point out the potential dangers of the approach advocated in Judge Ruffin's dissent. If specificity is required to the point of divulging such matters as when and why the informant was in the suspect's residence, as well as details of the informant's good standing in the community, business connections, and property ownership, there is a substantial risk that an accused or other interested persons may identify and endanger the "confidential" concerned citizen, particularly in a small community.

There is far from "complete lack of specificity" in this affidavit, and it is by no means a general warrant. Rather, it amply satisfies the requirement of a substantial basis for a "practical common-sense decision" by the magistrate under *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983) and *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

MCMURRAY, Presiding Judge, dissenting.

" 'In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the totality of the circumstances analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by (the Georgia Supreme) (C)ourt in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), with the admonition that prudence counsels that *Gates* be considered as the outer limit of probable cause. Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that proba-

ble cause existed. In addition, (the Georgia Supreme) (C)ourt has cautioned attesting officers and magistrates to make every effort to see that supporting affidavits reflect the maximum indication of reliability.' (Citations, punctuation and emphasis omitted.) *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992)." *Eaton v. State*, 210 Ga. App. 273 (1) (435 SE2d 756).

The majority concludes that the person from whom the affiant received information is a concerned citizen rather than an anonymous tipster because of the affiant's descriptions of the informant as a property and business owner in good standing in the community and with nothing to gain by providing information. Uncorroborated information from an anonymous tipster is not alone sufficient to base a finding of probable cause. *McRae v. State*, 204 Ga. App. 234, 235 (1) (418 SE2d 796). In my view the affidavit failed to establish the reliability and veracity of the unidentified informant. I find no support for the affiant's characterization of the tipster as a "concerned citizen," or for the majority's conclusion that the affidavit demonstrates "personal familiarity," and consequently find no error in the grant of defendants' motion to suppress evidence. Therefore, I respectfully dissent.

In the remarkably similar case of *Eaton v. State*, 210 Ga. App. 273 (1), supra, the informant was described by the attesting officer as "a 'concerned citizen' who had never previously given such information to the police, is mature, regularly employed and without a criminal record." Nonetheless, in *Eaton*, the officer admitted at the motion to suppress hearing that he did not know the identity of the informant and that the sole basis of the description of the informant was what the informant himself had told the officer. In the case sub judice there is no evidence concerning the source of the officer's conclusory statement that the informant was a concerned citizen. Yet *Eaton* should be seen as holding that such descriptions of informants as are present there and in the case sub judice must be viewed as conclusory when the affidavit contains no information concerning the veracity of the informants. *Eaton* may not be distinguished by the absence of an admission from the officer in the case sub judice since the test of the sufficiency of the affidavit relates to the time of the issuance of the warrant and does not embrace information later revealed at a motion to suppress hearing. The admissions of the officer in *Eaton* serve only to highlight the errors which may result from reliance on conclusory affidavits. This court held in *Eaton* that "no facts were placed before the magistrate from which she could have found that any of the informants were concerned citizens." In my view, this statement is equally correct in reference to the case sub judice.

RUFFIN, Judge, dissenting.

This case presents another instance of the on-going saga regarding the validity of an affidavit supporting a search warrant whereby the court is to apply the "totality of the circumstances" analysis consistent with *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983) and adopted by our Supreme Court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). Interestingly, but not unusually, both the majority and the dissent of Presiding Judge McMurrary utilize a "common sense" approach with divergent results. While I have no disagreement with the analysis of either, I believe the majority portends rather precarious consequences, hence I write separately.

Initially, I believe it is appropriate to clarify the duty of the reviewing court. That duty "is simply to ensure that the magistrate has a substantial basis for concluding that probable cause existed." *Davis v. State*, 214 Ga. App. 36, 37 (447 SE2d 68) (1994). Moreover, since our Supreme Court "has cautioned attesting officers and magistrates to 'make every effort to see that supporting affidavits reflect the maximum indication of reliability[,] . . .' [cit.]" *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992), any analysis by the reviewing court should reflect this admonition. Further, reviewing courts must be ever mindful "that Gates [is to] be considered as the *outer limit* of probable cause." *Stephens*, supra at 184.

In determining what was before the magistrate in this case, even a cursory reading of the affidavit reveals a pattern of verbiage couched in conclusions. "Affiant was contacted by a concerned citizen. . . . This concerned citizen was in the [residence]. . . . [T]he concerned citizen observed 30 to 35 marijuana plants. . . . This concerned citizen advises that it knows Roy Davis sells marijuana. . . . The concerned citizen . . . knows what marijuana looks like. . . . This concerned citizen is in good standing in the community, [the owner of] its own business and . . . several pieces of property. . . . The concerned citizen has nothing to gain. . . ."

If the "totality of the circumstances" doctrine means anything, it means scrutinizing the affidavit for what it does not contain as well as for what it does contain. What it does not contain are the specifics which could guide a neutral and detached magistrate; the specifics which remove the guesswork from consideration; the specifics which give life and vitality to an affidavit inundated with conclusions. In this case, the affidavit should have included such specifics as how and why the affiant was contacted by the informant; under what circumstances the informant was in Davis's residence; how did the informant recognize marijuana and how did he or she happen to observe the plants growing in Davis's residence; how did the informant know that Davis was selling marijuana from his residence; how did the affiant know the informant was a concerned citizen in good standing who

owned a business and other property. These are the kinds of specifics required for an affidavit supporting a search warrant, especially in a case like this where there is absolutely no indication the affiant ever met the informant in person or had more than a single conversation with him. See *Davis,* supra at 37.

Moreover, the affidavit contains verbiage which is susceptible to other, less favorable inferences than those relied on by the majority. Could the informant's familiarity with Davis have been the result of some common criminal enterprise? Is property and business ownership within the exclusive domain of upstanding, honest citizens? While " '[t]his court has always given the concerned citizen informer a preferred status insofar as testing the credibility of his information[,] . . . before an anonymous tipster can be elevated to the status of concerned citizen, thereby gaining entitlement to the preferred status regarding credibility concomitant with that title, there must be placed before the magistrate facts from which it can be concluded that the anonymous tipster is, in fact, a concerned citizen.' " Id. at 36.

The complete lack of specificity in the affidavit relegated the affidavit and the accompanying warrant to that of a general warrant, proscribed by the Fourth Amendment to the United States Constitution and Article I, Section I, Paragraph XIII of the Georgia Constitution. Accordingly, I would affirm the trial court.

I am authorized to state that Judges Johnson and Blackburn join in this dissent.

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 31, 1995 — 

*W. Glenn Thomas, Jr., District Attorney, C. Keith Higgins, Assistant District Attorney,* for appellant.
*Lane & Crowe, Grayson P. Lane,* for appellees.